HORACE MILES V. THE STATE.

No. 15654.   Delivered March 29, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 403.

The opinion states the case.

*Moore & Wilson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE. — The prosecution is under article 1150, P. C., which denounces as an offense the failure of one driving or controlling an automobile which comes in collision with another to stop and render aid. The punishment was assessed at confinement in the penitentiary for a period of thirty months.

It was charged in the indictment that appellant, while operating his automobile, struck and injured Pat Hooker, but failed to stop and render aid, etc. Pat Hooker, who was killed in the accident referred to in the indictment, and two others were leaving a dance hall between 12 and 1 o'clock at night. While walking along the Panhandle Highway, the parties were run over and deceased was killed. The woman companion of deceased screamed. The car striking the parties did not stop, and the driver did not return and render aid. Deceased was carried to a hospital in an ambulance. After the accident appellant's car was found in a garage at his brother's home. An examination disclosed that the radiator was practically demolished. There was blood on the fender. Several hours after the accident appellant made a voluntary statement, which we quote as follows: "My name is Horace Miles. I live with my brother-in-law, Lee Warnike, when I am in Amarillo, Texas. I was out at the dance at the Radio rink last night. I had taken my girl, Loraine Taylor, home from the dance. She lives at 602 East Second Street. I was going back to the dance hall to get my brother and my sister and as I turned off of Buchanan onto North East Eight, the Panhandle highway, I met a car coming toward town and as I passed this automobile I felt my car jar and heard somebody yell. I knew that I had struck someone just after I turned the corner onto North East Eighth Street, but I did not stop. I did not stop at the dance hall for my brother and sister, but turned off just the street the other side of the dance hall and went on out to my brother-in-law's place at 1312 East Fifth Street and put my car in the

garage and went to bed. The radiator on my car, a Ford roadster, was caved in. I noticed this when I got to my brother-in-law's house. I did not feel the car run over anything, but did feel it hit something."

A witness for the state testified that appellant came to his boarding house between 12 and 1 o'clock on the night of the accident and stated to one Billie Taylor, in the presence of the witness, that he had had a wreck. We quote from the testimony of this witness as follows: "He came to the door and knocked on the door, and wanted Miss Taylor to take him home, and she called Bill Carlton, her brother, and they wanted to know what was the matter, and he said he had had a wreck; I heard him tell them about a wreck, and they wanted to know whether anyone was hurt, and he said, yes, I am sure there is someone hurt and bad hurt, too, and he got Billie and they went out to take him home—went off somewhere. He wanted them to take him home."

There was testimony to the effect that appellant had stated to the district attorney on the night of the accident that he had had a drink or two of whisky.

Testifying in his own behalf, appellant denied that he ran over deceased, saying that he had no accident at all on the night in question. He testified that the condition of his car was not due to the accident in question, saying that it had been injured in an accident in East Texas, and, further, that on the day before the accident he had run into another car downtown, further bending his radiator. Appellant denied that he made the statement to Billie Taylor attributed to him by the state's witness. He declared that he had hauled some hogs on his car and that the blood on his fender was probably the blood of the hogs. Appellant's testimony as to the cause of the bent and broken radiator was supported by testimony of other witnesses. A witness for appellant testified on direct examination that appellant did not make the statement at the boarding house attributed to him by the state's witness. This witness stated, on cross-examination, however, that he believed appellant said that he was blinded by a light and that a car "side-swiped" him.

As shown in bill of exception No. 1, the state was permitted to prove the nature of deceased's injuries. For example, it was shown that deceased's legs were broken below the knees; that the bones came through the flesh; and that deceased's face was mutilated. We deem the objection not to have been well taken. Deceased did not die until he was taken from the scene of the accident. The nature of the injuries showed that the automobile struck deceased with great force. The proof in question

tended to establish that the driver of the car knew that he had struck someone, and should have stopped and rendered aid, as required by the statute. Again, such proof tended to show that the bent and wrecked radiator of appellant's car resulted from the striking of deceased. Moreover, it established the allegation in the indictment that deceased was in need of medical and surgical treatment.

In his voluntary written statement appellant stated, in effect, that he struck someone with his car as he turned off of Buchanan Street into North East Eighth Street (Panhandle Highway). Deceased was run over in front of the warehouse of the Borger Truck Lines, located at 701 East Eighth Street (Panhandle Highway), which is on the east side of the intersection of the Panhandle Highway with Johnson Street, and two full blocks from the intersection of Panhandle Highway with Buchanan Street, referred to in appellant's written statement. There is an intervening street between Buchanan and Johnson Streets. An objection to the introduction of the statement, as shown in bill of exception No. 2, was predicated upon the ground that the transaction referred to in the statement was separate and distinct from that relied upon by the state. The opinion is expressed that the bill of exception fails to manifest reversible error. In his testimony in the presence of the jury, the district attorney said: "I told him that he didn't have to make any statement at all about the matter that was under investigation, which was the death of some people out here on the Panhandle Highway that had been killed by an automobile and told him if he did make any it could be used against him and not for him, * * * and he said he would tell me about it, and thereafter he did make a statement to me." Other than in appellant's written statement there is no suggestion in the testimony that any person was struck, killed, or injured on Panhandle Highway at the time in question, except at the place established in the proof by state. All of the testimony leads to the conclusion that appellant's statement related to the transaction established in the testimony of the state. As pointed out, the place referred to in appellant's statement was only two and one-half blocks from that established in the state's testimony. In his statement, appellant said that he heard somebody yell. Witnesses for the state testified that deceased's woman companion screamed at the time of the accident. The accident established in the testimony of the state occurred between 12 and 1 o'clock. Between 12 and 1 o'clock, according to the state's testimony, appellant stated in the presence of a witness that he had had a wreck and that he believed somebody

had been hurt. Thus, the time appellant referred to was shown to be the same as that established by the testimony of the state. The rule appears to be that if, from the contents of the statement itself, or from other evidence in the case, it reasonably appears that same relates to the transaction or persons involved with any degree of probative force, it is admissible; its weight being for the jury. Moss v. State, 256 S. W., 916. Under this rule we are unable to reach the conclusion that the trial judge was not warranted in overruling appellant's objection.

While it is true that the state offered the written statement in the development of its case in chief, yet nevertheless the declarations embraced in the statement contradicted appellant's testimony given on the trial as to the cause of the bent and wrecked radiator of his car. It is fairly inferable from the statement that appellant attributed the condition of his car to the accident he referred to in the statement; whereas, on the trial of the case appellant declared that the radiator had been wrecked in an accident in East Texas and had been further injured in a collision between his car and another prior to the night of the accident in question. If it should be conceded that the statement was erroneously received in evidence in the development of the state's case in chief (and this is not conceded), it would appear that it would have been proper for the state to introduce such statement to rebut appellant's claim that his car was not injured in a collision on the night in question. The statement having become material in view of appellant's testimony, the fact that it might have been introduced out of order manifests no such error as would warrant a reversal. Mirales v. State, 13 S. W. (2d) 868; Gregory v. State, 244 S. W., 615.

One of the persons who was injured on the night of the accident was brought into court on a stretcher. She testified that she was walking with deceased and another person on the Panhandle Highway when the accident occurred. She said she did not see the car which struck her and deceased, and knew nothing of the identity or appearance of the driver. In short, she testified that she knew nothing except that she and her companions were struck by the car. Appellant objected to this witness being brought into the room on a stretcher on the ground that the condition in which she appeared would prejudice the jury against him, and, further, on the ground that the witness could not give any testimony which would shed any light on the transaction out of which the prosecution grew. The bill of exception (No. 4) is qualified by the court with the statement that the case had been continued on one occasion be-

cause of the serious injuries of the witness and her inability to attend court; that her condition was such that it could not be ascertained when, if ever, she would be fully recovered and able to walk into the court room and appear as a witness. Further, it was recited in the qualification that the court was of the opinion that inasmuch as the witness was the only living eye-witness to the collision it was proper that she appear and testify. We think the bill of exception fails to reflect error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing, and makes an able argument in support thereof. We still think it not erroneous for the state to introduce appellant's written statement made by him within three or four hours after the occurrence forming the basis for this prosecution, to an officer who, in his warning to appellant, directed his attention to the particular matter under investigation, viz: the death of some people on the Panhandle Highway, resulting from an automobile accident or collision, and who in his warning told appellant that he did not have to make any statement about the matter, and that if he did make any it could be used in evidence against him. The principle involved, as well as the facts calling for application thereof, are wholly different from those exhibited in Judge Davidson's dissenting opinion in Knight v. State, 64 Texas Crim. Rep., 541, a case in which statements of the accused, apparently relative only to a then course of conduct being indulged in, were admitted as shedding light on the relations of the accused with some woman at a time nine or ten months removed—no woman being described in the statements, or named, or remotely designated either by the accused or the party to whom he made the remarks testimony concerning which was regarded as inadmissible by Judge Davidson. In the instant case appellant was told by the officer in his warning that people had been killed that very night, and the place where they were killed, to-wit: on the Panhandle Highway, and the means by which they were killed, to-wit, an automobile accident, and with full understanding, as far as the law of confessions is concerned, that what he said about it would be used as evidence against him, he made the statement introduced in evidence.

It was a case of circumstantial evidence. His statement was offered as a link in the state's chain of testimony. Said statement showed that on that very night, at an hour practically identical, he was on the highway named, in an automobile; that he struck some one, and did not stop there nor at the dance hall to which he said he was going prior to the time he struck such person; also, that as a result of the striking of such person his radiator was caved in. The fact that in such statement he said the accident occurred on said highway near a named street, some two blocks distant from the actual place of collision as shown by other testimony, would not suffice to render such statement inadmissible.

Nor are we able to agree with appellant that the facts are not sufficient to justify the conviction. The rather incredible story told by appellant's witness Carlson, his own testimony on this trial wholly contradictory of the statements made by him the night of the accident, the fact that he was overheard to say that night, and evidently shortly after this collision, that he had had an accident, and had hurt some one, and hurt them bad, taken with the other facts, seem ample to support the judgment.

The motion for rehearing will be overruled.

*Overruled.*