# MARCH 25, 1936

### DAN BELL V. THE STATE.

No. 17937. Delivered February 19, 1936.
Rehearing Denied March 25, 1936.

The opinion states the case.

*S. O. Lovejoy,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of failing to stop and render aid to a person whom he had struck with an automobile, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The record shows that H. H. Streeter, an employee of the Houston Electric Company in the city of Houston while engaged in grinding the corrugation off of the rails of the street car tracks with a machine provided for that purpose, was

struck and severely injured by an automobile driven by the appellant, who failed to stop and render any aid. Appellant contended that he did not see Streeter, the injured party; that if he struck and injured him he did not know it, and for that reason failed to stop; that he knew he had struck the machine, and this he intended to report the next morning.

By bill of exception number one appellant complains of the action of the trial court in assisting the district attorney to develop the State's case by interrogating some of the witnesses. The bill of exception as it appears in the record is in violation of Sub. 3, Art. 760, C. C. P., and, therefore, cannot be considered by this court. See Monday v. State, 124 Texas Crim. Rep., 44. However, the trial court should refrain from eliciting testimony upon the trial of the case unless it becomes necessary for a clear understanding of the question to be ruled upon, as such may lead to an infringement of Art. 707, C. C. P.

Bill of exception number two reflects the following occurrence. At the beginning of the trial all witnesses were placed under the rule and requested to retire from the court room, after having been instructed not to discuss with any other witnesses nor in the presence of any other witnesses what his or her testimony would be or had been. After the State had rested and while the appellant was offering testimony in his behalf he called his mother, who had remained in the court room during the trial, as a witness. The State objected to her testifying in the case because she had not been placed under the rule and did not retire from the court room during the trial. The court sustained the objection. The appellant's attorney in his argument to the jury contended that the court was unfair to him in not permitting the mother to testify in behalf of her son, while he permitted George Andrew, who had remained in the court room and heard one witness testify as to the good character of the appellant, to give testimony in behalf of the State. The court considered the appellant's attorney in contempt and, in the presence and hearing of the jury, assessed a fine against him in the sum of twenty-five dollars and ordered him incarcerated in jail. In the case of Echols v. State, 75 Texas Crim. Rep., 369, 170 S. W., 786, this court said: "The court has a right to and should require obedience to his rulings, and counsel should respect them; and, while we know it is very exasperating when counsel continually seek to introduce testimony that the court has held inadmissible, yet the court should never, in the presence of the jury, lose his temper and make remarks that necessarily follow such a state of mind. If the

court feels called upon to reprimand counsel, he should first send the jury from the room, and then use such measures as will compel respect for his rulings." While the trial court in the instant case may have been justified in holding counsel in contempt of court, yet the temper which he displayed was not such as would tend to command the respect which attorneys should have for the judicial position occupied by the court. However, we do not believe that the matters complained of require a reversal of this case.

In his motion for a new trial appellant alleges that since the trial he discovered new evidence material to his defense, but he fails to state that the alleged newly discovered evidence could not have been discovered prior to the trial by the exercise of reasonable diligence. In the absence of such a showing the matter is not properly before this court for review. See Sec. 198, Branch's P. C.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the evidence fails to show that he knew his automobile had struck Streeter. The State's evidence shows that appellant was driving north, and that Streeter was south of the road machine he was working with; red lanterns were out as danger signals; the street was straight at the point of the accident; the car hit Streeter first and then hit the machine; appellant's automobile was badly damaged. It was appellant's contention that he did know he had hit the machine, but did not know he had struck any person. From the State's evidence the jury could and did reach the conclusion that appellant knew he had struck some one. The issue of whether he had such knowledge was submitted to the jury. Their finding was in favor of the State. We would not be warranted in substituting our judgment for theirs upon an issue of fact where evidence is in the record upon which their conclusion may be founded.

Other matters suggested in appellant's motion appear to

have been correctly disposed of originally, and a further discussion seems not called for.

The motion for rehearing is overruled.

*Overruled.*