R. L. WEEKS V. THE STATE.

No. 19414.  Delivered February 23, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*Sam H. Townsend,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of theft of a hog and his punishment assessed at confinement in the State Penitentiary for a term of two years.

By bills of exception numbers one and six, appellant complains of the action of the trial court in overruling his application for a continuance, based on the absence of a witness, Brit Berry. He expected to prove by Berry, and claims he would have proved, that on the afternoon of the 23d day of April, 1936, Berry was at the barber shop of Ed. Williams, where he saw

the defendant and noticed, in a pen near the barber shop, a black sow, weighing approximately 175 or 200 pounds, with one ear off and the other disfigured; that he, Berry, did not know to whom the animal belonged, but that the appellant owned a sow of a similar description.

The application shows that the appellant was indicted on the 20th day of November, 1936, for the theft of one hog from J. L. Grisham. On the 27th day of that month, appellant applied for process for said witness, directed to the sheriff of Angelina County. The witness was not summoned, as he was temporarily in Dallas. The court qualified said bill and states that the case was called for trial on the 30th day of November; that upon the application of appellant for a continuance because of the absence of said witness, the trial was postponed until the 2d of December; on that date it was again postponed on the application of appellant. It is apparent that said application for continuance was, within contemplation of law, a subsequent application. The motion contains no averment that the testimony could not be obtained from any other source; hence it is insufficient in this respect. See Adams v. State, 21 S. W. (2d) 1057; Winfrey v. State, 55 S. W. (2d) 1046.

Bills of exception numbers three, four and five complain of the action of the court in declining to sustain appellant's motion for a new trial based on newly discovered evidence. It appears from the record that all the witnesses whose testimony is claimed to be newly discovered, lived within a radius of one mile of the appellant, and it seems that by the exercise of proper diligence, he could have ascertained the claimed newly discovered evidence. No inquiry seems to have been made by appellant or his attorney of these witnesses as to what they knew concerning the case. See Burkhart v. State, 74 S. W. (2d) 692.

We note that in the motion for a new trial based upon newly discovered evidence, there is no averment that appellant's counsel did not know of the evidence. In the absence of such averment, the motion is insufficient. See Williams v. State, 66 S. W. (2d) 306.

All other matters complained of have been examined by us and are deemed to be without merit.

No error appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

412

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—In the light of the vigorous motion for a rehearing filed by the appellant herein, we have again carefully gone over the entire record in this case and considered the points raised in said motion.

It seems to us that the case was properly disposed of in the original opinion herein, and no good purpose could be served by further writing on the matters.

The motion for rehearing will be overruled.