# JUNE 26, 1940

## JOHNNIE STANLEY BEVIL v. THE STATE.

No. 20997. Delivered May 8, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Myres & Myres* and *Horace E. Moore,* all of Fort Worth, for appellant.

*Marvin H. Brown, Jr.,* Criminal District Attorney, and *Austin F. Anderson,* Assistant Criminal District Attorney, both of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is failing to stop and render aid; the punishment, confinement in the penitentiary for two years.

During the evening of July 4, 1939, appellant, while driving his car at a high rate of speed, collided with an automobile occupied by several young ladies, among them being Elizabeth Shackelford. Miss Shackelford received a mortal injury. The other young ladies were severely hurt. After striking the car appellant failed to stop and render aid.

Testifying in his own behalf, appellant admitted that he struck the car occupied by the young ladies. Touching the circumstances of the collision, he said: "I think Ben Crowe was in front with me. We were all talking and laughing, like four or five will get together and do. We were all looking at

Ben, then at one of them in the back, and Ben said 'Watch the car,' or something like that. I looked around just in time to see the back of a car. We were already on it. I cut my wheels as hard as I could to miss it, and thought I had just clipped the bumper on it. I kept going, and could see in my rear view mirror a car behind me. I thought it was the same one, and I didn't think it was hurt in the least. In my rear view mirror I couldn't see the whole street or anything, so I just thought it was behind me, and to save argument or anything else, I just kept going until we heard those ambulances. Then that scared Elizabeth, and she went out of the car, and Wart was with her, and he got out with her."

An examination of appellant's car shortly after the collision disclosed that the front end was badly damaged. Touching the condition of the car, one of the witnesses testified as follows: "I will state to this jury the condition we found that car in, the right front end on it was mashed up, the right front tire was chewed all to pieces. By chewed I mean the fabric of the tire was torn to pieces. The tire was just shreds. It was hard to tell whether it was a tire, or what it was, all the way around. The right front fender was mashed back"

Appellant's car struck the rear of the car in which the young ladies were riding. It turned their car into the side of the viaduct and threw it against an iron post, completely wrecking the car.

The court instructed the jury, in part, as follows: "You are further instructed that even though you may find from the evidence, beyond a reasonable doubt, that the defendant was driving an automobile on the occasion in question, and that said automobile collided with an automobile containing the said Elizabeth Shackelford, yet if you find from the evidence that the defendant did not know at the time of said collision that he had collided with said automobile, or if you have a reasonable doubt thereof, then you will acquit the defendant."

Appellant excepted to the charge of the court as follows: "Defendant objects and excepts to the Court's Main Charge for the reason that it wholly fails to instruct the jury on the affirmative defense offered by the defendant in this case, that is to say, that the defendant did not know that a collision had been occasioned which resulted in any injury to any occupant of the car."

Also, appellant submitted to the court the following requested instruction: "You are instructed that before you could

convict the defendant in this case, you must find and believe from the evidence, beyond a reasonable doubt, that the defendant knowingly left the scene of the collision, and that he knew that persons had been injured, particularly Elizabeth Shackelford, in the automobile with which his car collided, and, in case you have a reasonable doubt that the defendant knew that persons had been injured in the car in which Elizabeth Shackelford was riding, then you will acquit the defendant and say by your verdict 'not guilty'."

It is appellant's contention that the court fell into error in failing to respond to the exception we have quoted and in refusing to submit the foregoing requested instruction. We are unable to agree with this contention. Art. 1150, P. C., reads as follows: "Whenever an automobile, motorcycle or other motor vehicle whatsoever, regardless of the power by which the same may be propelled or drawn, strikes any person or collides with any vehicle containing a person, the driver of, and all persons in control of such automobile, motor vehicle or other vehicle shall stop and shall render to the person struck or to the occupants of the vehicle collided with all necessary assistance including the carrying of such person or occupants to a physician or surgeon for medical or surgical treatment, if such treatment be required, or if such carrying is requested by the person struck or any occupant of the vehicle collided with; and such driver and person having or assuming authority of such driver shall further give to the occupant of such vehicle or person struck, if requested at the time of such striking or collision or immediately thereafter, the number of such automobile, motorcycle or motor vehicle, also the name of the owner thereof and his address, the names of the passenger or the passengers not exceeding five in each automobile or other vehicle, together with the address of each one thereof. Any person violating  any provision of this article is punishable by imprisonment in the penitentiary not to exceed five years or in jail not exceeding one year or by fine not exceeding five thousand dollars, or by both such fine and imprisonment."

It is observed that this article imposes upon one whose automobile strikes any person or collides with any vehicle containing a person the duty, in the first place, to stop, and, in the second place, to render to the person struck or to the occupants of the vehicle collided with all necessary assistance. Among other things, there is especially included as a part of such conditions the carrying of the person struck to a physician or surgeon for medical or surgical treatment, if such treatment

be required, or if such carrying is requested by the person struck or any occupant of the vehicle collided with. Obviously, the failure to stop is a violation of the statute; and, notwithstanding the injunction to stop should be complied with, the accused would still be guilty if he failed to render the assistance required by the statute under the conditions therein set forth. It is observed that the requested charge would have advised the jury to acquit appellant in the event he did not know that persons riding in the car with which he collided had been injured, notwithstanding the fact that he did not stop after the collision. This is not the law. It was the duty of the appellant to stop if he knew that he had struck the automobile in question, in order that he might be in a position to comply with the requirements of Article 1150. In short, the failure of appellant to stop constituted a violation of the statute, and the fact that he might not have known that the collision resulted in injury to any of the occupants of the other car would not exculpate him. See Garcia v. State, 96 S. W. (2d) 977.

In passing sentence the court failed to take note of the Indeterminate Sentence Law. See Article 775, C. C. P. The sentence is reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than one hour nor more than two years.

. As reformed, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again insists herein that the trial court was in error in refusing to give his requested instruction No. 1, which was to the final effect that he was not punishable under the law unless he knew that in the collision between his automobile and the one in which the deceased young lady was riding some one had been injured. Such is not the law. It was his duty to stop merely on account of the collision; and there also arose a further duty, if an injury arose by virtue of the collision, and that was to render aid, if possible, and also other duties, as shown by the quoted statute in the original opinion.

We think this cause was properly decided in the original opinion, and the motion will be overruled.