MEL TAYLOR V. THE STATE.

No. 23376. Delivered June 12, 1946.
Rehearing Denied October 30, 1946.

554

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of failing to stop and render aid to a person whom he had struck with his automobile, and his punishment was assessed at confinement in the State penitentiary for a term of five years.

The record reflects that on Saturday night, August 4, 1945, appellant, while driving his automobile at a high rate of speed north on Randolph Street in the City of San Angelo, struck a Mexican by the name of Ignacio L. Acosta and killed him. Two city policemen, who were coming south on said street, saw appellant driving at a high rate of speed; that when he passed them, they turned around and followed him; that while they were pursuing him, they heard what sounded like a collision. They overtook him when he reached Fourteenth Street, stopped him, examined his automobile, and found blood on the radiator, hood, lights and fenders, also a piece of flesh and a piece of cloth from the Mexican's shirt on the side of the hood. They arrested appellant and started south on Raldolph Street to where they had heard the collision and found that quite a number of people had assembled there. They saw the deceased lying on the ground with both of his legs broken and a hole in his chest. They also noticed a stream of blood on the right side of the street from the point of impact to where the deceased was lying. The bumper of appellant's car was lying nearby.

Appellant and two of the parties who were riding with him in the automobile at the time of the occurrence, all testified that they did not know that their car had struck anyone or anything. However, there is testimony to the effect that the collision of the car with the deceased was very distinct and was heard by people for some distance. The mangled body indicated that the deceased was struck with terrific force from which the jury could reasonably conclude that he knew that he struck someone on the street, but failed to stop and render any aid. We think that under the facts of the case the jury. had sufficient evidence upon which to base their conclusion of his guilt. See Bevil v. State, 139 Tex. Cr. R. 513.

Bill of Exception No. 1 reflects the following occurrence: Appellant sought·to prove that the deceased was drunk on the night in question, to which the State objected, and the court sustained the objection, whereupon appellant excepted. We are of the opinion that the court was eminently correct in his ruling. The fact that the deceased was drunk, if he was, would not give appellant the right to run over, kill him and then leave him lying on the street without stopping to give him any aid or assistance. To so hold would establish a dangerous doctrine.

By Bill of Exception No. 2 appellant complains of the action of the trial court in permitting the State to prove by Bill Owens, one of the arresting officers, that after they had arrested appellant and had returned to the scene of the collision, he inquired of appellant if he knew that he had killed a man, to which appellant replied that he knew he had hit a man but did not know that he had killed one. Appellant objected to the question and answer on the ground that he was under arrest at the time and had not been warned as required by the statute. We think that this statement to the officer was admissible as a part of the res gestae. The statement was made by appellant at the scene of the collision and within a period of time not exceeding five minutes after the occurrence. In support of the opinion here expressed, we refer to the following cases: Hobbs v. State, 55 Tex. Cr. R. 299 (302) ; Johnson v. State, 46 Tex. Cr. R. 291; Williams v. State, 10 Tex. Cr. App. 528, (535)'.

By Bill of Exception No. 3 he complains because the court overruled his objections to the court's charge, which in substance are as follows: (1) Because the charge does not properly submit the law relative to the offense of failure to stop and render aid, in this: the charge fails to use the word "knowingly"; (2) because the evidence shows that the defendant was driving without lights, which is a misdemeanor, and the charge fails

to instruct the jury that if they believed from the evidence that the defendant, while committing a misdemeanor, by accident or mistake committed a felony, he could only be given the minimum penalty for the offense of failing to stop and render aid; and (3) because the court failed to instruct the jury upon his affirmative defense, in that the charge merely presents the same in a negative form. We have examined the charge in the light of the objections and reached the conclusion that the same is not subject to the objections addressed thereto. However, we shall discuss each objection in the order presented.

His first objection that the court failed to use the word "knowingly" is without merit because the court did charge, in Paragraph 4, as follows:

"You are further instructed that even though you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Mel Taylor, while driving and operating his said automobile on the occasion in question did strike and thereby injure a person, yet you cannot convict the defendant unless you further find and believe from the evidence, beyond a reasonable doubt, that he knew he had done so."

His second objection is also without merit for the reason that he did not by accident or mistake fail to stop and render aid. Consequently, Article 44, P. C., has no application to the instant case. His third objection is that since his evidence shows that he did not know he had struck anyone with his car, the court should have instructed the jury in an affirmative manner upon that phase of the case. We believe that the instruction in Paragraph 4 of the court's main charge was sufficient upon the issue raised by his testimony to the effect that he did not know that he had struck anyone.

Appellant's next complaint relates to the action of the court in overruling his motion for a new trial based on newly discovered evidence. It appears from the motion and the affidavit of the newly discovered witness that at the time of the collision she resided within one-half block of the place where the deceased was struck by a motor vehicle. Just why appellant or his attorneys failed to interview the people residing in the immediate vicinity is not disclosed. It occurs to us that if they had done so, they would have discovered the witness and what her testimony would be. To entitle him to a new trial upon newly discovered evidence, it must be made to appear that the failure to discover such testimony prior to the time of the trial was not due to a want of proper diligence and could not have been discovered by

the exercise of such diligence. Whether proper diligence was exercised and whether such evidence is probably true and would likely produce a different result upon another trial, are questions of fact to be determined by the trial court; and this court will not disturb the finding of the trial court on such issues unless it clearly appears from the entire record that he abused his discretion to the injury of the defendant. See Behrens v. State, 99 Tex. Cr. R. 56; McNally v. State, 83 S. W. (2d) 972; Weeks v. State, 134 Tex. Cr. R. 410, 115 S. W. (2d) 649.

No error appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant attacks the correctness of our conclusion that the facts are sufficient to authorize the jury's conclusion of guilt. We have again examined the facts and remain convinced of the correctness of the conclusion originally expressed—especially in view of the fact that, according to the State's witnesses, appellant admitted at the scene of the crime that he knew he had hit a man but didn't know he had killed him.

It is true that appellant objected to this testimony but same was admissible not only upon the theory of res gestae—as originally pointed out—but also in rebuttal of appellant's direct testimony. The record reflects that appellant first went into this matter when, upon his direct examination, he testified that the officers asked him if he knew he had run over a Mexican and that he replied, "No, sir, I didn't know nothing about running over nothing."

The testimony of the officers was in direct rebuttal of a matter first gone into and testified about by the appellant, himself. Art. 728, C. C. P.

Moreover, there is nothing in the bill of exception showing that appellant's statement to the officer admitting that he knew he had hit a man, was made while he was under arrest. It is true that the bill of exception reflects that the testimony was

objected to for that reason, but such statement as a ground of objection is not a certificaate on the part of the trial court that such was a fact.

The other matters raised in the motion have been reexamined. We remain convinced of the correctness of our original conclusion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

The opinion states the case.