## W. J. HARRISON v. THE STATE.

No. 24012. Delivered April 14, 1948.

*L. H. Welch*, of Breckenridge, and *Frank Sparks*, of Eastland, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of failing to stop and render aid after a collision, and by the jury given a sentence of two years in the penitentiary and a fine of $1,000.00, and he appeals.

We are met early in the beginning herein with the contention of the sufficiency of the indictment because the same fails to allege that appellant was driving a motor vehicle at the time of the collision.

Article 1150, P. C., reads in part as follows:

"Whenever an automobile, motorcycle or other motor vehicle whatsoever, regardless of the power by which the same may be propelled, or drawn, strikes any person or collides with any vehicle containing a person, the driver of, and all persons in control of such automobile, motor vehicle or other vehicle shall stop and render to the person struck or to the occupants of the vehicle collided with all necessary assistance", etc.

The indictment returned in this cause, omitting the formal parts, reads as follows:

"That W. J. Harrison on or about the 4th day of September, A. D., 1947, in said County and State, did then and there unlawfully, in said County and State aforesaid, and while he, the said W. J. Harrison was then and there the driver of and in control of a truck, and while operating and controlling said truck did strike Homer D. Doyle with said truck, so driven by the said W. J. Harrison, and did then and there thereby and therewith injure the person of the said Homer D. Doyle", etc.

The indictment fails to allege that the truck was a motor vehicle, to-wit, a truck.

Webster's New International Dictionary (2nd Ed.) defines the word "truck" as follows:

"3. Any of numerous vehicles for transporting heavy articles; esp.: a. A kind of handbarrow or handcart consisting essentially of a strong, braced frame terminating in a pair of handles at one end and supported on a pair of small heavy wheels with broad rim. b. A small heavy rectangular frame supported on four small wheels used instead of rollers for moving heavy objects as on a floor. c. Any of various small flat-topped cars for pulling or pushing by hand, with or without a handle and sometimes with stakes or vertical ends to prevent the load from falling off, etc. d. Any strong, heavy cart or wagon horse-drawn or

self-propelled, for heavy handling. e. An open railroad freight car; a railway goods wagon."

This court has defined the word "truck" as being applied to more than one kind and character of vehicle; and it is said in Montgomery v. State, 140 Tex. Cr. R. 81, 143 S. W. (2d) 945, as follows:

"The name truck is applied to more than one kind and character of vehicle. The original meaning of the word seems to have been a strong, small wheel. It is now applied generally to wheeled vehicles used in carrying heavy loads. Strong frames or platforms on wheels such as used for carrying baggage in and around railroad stations are commonly referred to as trucks. A frame work mounted on wheels used to support one end of a locomotive is commonly referred to as a truck. A strong carriage used about a sawmill for conveying heavy timber is generally referred to as a truck."

The trial court in his charge to the jury purported to quote Article 1150, P. C., in full, but omitted therein the portion thereof requiring the vehicle by means of which the collision was caused to be a motor vehicle, the quotation beginning with the following words: "[that] whenever an automobile, motor-cycle or other vehicle whatsoever", etc. It will be noticed that the word "motor" is left out just preceding the phrase "vehicle whatsoever", and in that material respect the charge of the court and the indictment both differ from the statute. A collision upon the highway is denounced under this statute only when the colliding vehicle is a "motor vehicle", and the failure to thus allege herein renders the indictment fatally defective.

The defect in the indictment being one of substance, same can be taken advantage of for the first time on appeal. See Pos-pishel v. State, 95 Tex. Cr. R. 625, 255 S. W. 738.

Complaint is also made herein by appellant on account of the State's introduction of a signed statement upon the part of appellant in which it is contended that such statement being exculpatory in its nature, it became the duty of the State to disprove such exculpatory matters. This the State attempted to do by means of certain circumstances, which it had a right to do, especially under the trial court's charge on circumstantial evidence. We do not feel inclined to say that the testimony is insufficient to sustain a conviction. Knowledge upon the part of the appellant of the collision could be shown by circumstances,

and upon the facts here present, we refuse to say that they are insufficient.

Because of the failure of the indictment to allege that the truck in question was a motor vehicle as required by law, the judgment is reversed and the prosecution ordered dismissed.