## GLENN SWANNER V. STATE

No. 32,792. January 11, 1961

Motion For Rehearing Overruled February 22, 1961

*Bryan Wingo,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge

The offense is failure to stop and render aid; the punishment, 3 years.

The witness Cooper testified that as he and his family were taking a Sunday drive an automobile came out of Dolan Street, which dead-ended into Lantana Street on which he was traveling, moving at a high rate of speed, ran into the right side of his automobile, causing it to turn over and severely injuring several members of his family. He stated that it required help to extricate his wife from the overturned automobile, but that he did not see appellant at the scene after the collision.

The witness Connor testified that he arrived upon the scene of the collision, saw appellant, whom he knew, seated in the automobile which had collided with the Cooper automobile; that ap-

pellant approached him and asked him to take him away from the scene, saying, "they are going to get me," but that he refused and, as he was rendering aid to the Cooper family, he saw appellant running across a field.

Accident investigator Thompson testified that when he arrived upon the scene appellant was not present, but some ten minutes later appellant arrived in the custody of Officer Herrin and admitted that he had been the driver of the automobile which had collided with Cooper and said that he had not stayed at the scene because he had seen the injured people, had become afraid, and had run across the field. He testified further that there was a stop sign on Dolan where it entered Lantana and that he measured 34 feet of skid marks made by the automobile which appellant had been driving.

Officer Herrin testified that he apprehended appellant some two blocks from the scene of the collision in a clump of trees out of breath, that he carried him back to the scene of the collision, and that appellant appeared normal in all respects except that he had a cut on his forehead.

Appellant called the witness Young, who testified that he came upon the scene, asked appellant if he was all right but got no reply, saw appellant going across the field "kinda wobbling," called out to him to stop, but appellant proceeded as if he had not heard him. He stated that when appellant was returned to the scene by Officer Herrin he again spoke to him but received no reply.

Appellant, testifying in his own behalf, stated that he was driving a borrowed automobile at a slow rate of speed and as he approached Lantana Street he tried the brakes but they totally failed and the collision occurred, but he was unable to explain the presence of the skid marks. He testified that his head hit the dashboard, that he remembered hearing some people screaming, but that he remembered nothing further until he was in the hospital.

The state called Dr. Sharp in rebuttal, who testified that he treated the two small lacerations in appellant's forehead, kept him under observation for approximately 45 minutes before releasing him to the officers, saw no evidence of mental disturbance, and that appellant talked rationaly.

The court in his charge instructed the jury to acquit if they

found that appellant suffered mental impairment as a result of the blow to his head and was unaware of his action in leaving the scene. The jury resolved this issue against appellant, and we find the evidence sufficient to support the conviction.

Appellant contends that the trial court erred in failing to grant his motion for instructed verdict, no motion to quash having been filed, because the indictment alleges that appellant was operating an automobile but does not go further and describe the same as a motor vehicle. We find no merit in this contention nor in his further contention that the indictment will not support this conviction because it does not allege what aid was necessary which appellant failed to render. See Scott v. State, 90 Tex. Cr. R. 100, 233 S.W. 1097; Morgan v. State, 145 Tex. Cr. R. 276, 167 S.W. 2d 765; and Nichols v. State, 156 Tex. Cr. R. 364, 242 S.W. 2d 396. We find nothing in Redding v. State, 166 Tex. Cr. R. 517, 316 S.W. 2d 724, relied upon by appellant, at variance with this holding.

The judgment is affirmed.