**Salvador Morales TINAJERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 34780.

Court of Criminal Appeals of Texas.

Oct. 17, 1962.

Rehearing Denied Dec. 5, 1962.

L. G. Mathews, Brownsville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is failure to stop and render aid; the punishment, 2 years and 6 months in the penitentiary.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Since the per curiam opinion was delivered on October 17, 1962, affirming the judgment of conviction against appellant, a statement of facts of the evidence adduced upon the trial has been transmitted to and filed with the clerk of this court.

The statement of facts is shown to have been agreed to by counsel for both parties, approved by the trial judge, and filed with the clerk of the trial court on October 12, 1961, long before the case reached this court on appeal. The statement of facts will now be considered.

The evidence adduced by the state shows that on the night of December 4, 1960, the deceased, a young Anglo-American man, was observed by Dr. Henry G. Stephenson around 10:15 o'clock, p. m., lying on a sidewalk in a Sears & Roebuck parking lot located at the northwest corner of the intersection of "H" and West Tyler Streets in the City of Harlingen. Dr. Stephenson, who at the time was traveling west on Tyler

Street, got out of his automobile, went to where the deceased was lying, and observed that the deceased's head was "mushy" from some severe blow and that he was having difficulty with his breathing. The doctor then accompanied the deceased to the hospital in an ambulance and remained with him until he expired the following morning at 7:40 o'clock.

An autopsy performed upon the deceased's body by Dr. David Flory, a pathologist, revealed numerous lacerations of the scalp, abrasions on the face, the right and left wrists, the left knee, and lower part of the spine, a broken collar bone, a fractured pelvis, some vascular skull fractures, and a large amount of internal hemorrhage of blood about the brain, heart, lungs, kidneys, and abdomen. Dr. Flory expressed the opinion that the death of the deceased was caused by multiple traumatic injuries probably resulting from considerable force such as might be applied if the patient had been struck by a motor vehicle. His conclusion was corroborated by Dr. Stephenson, who expressed the opinion that the deceased died from hemorrhaging from fractures mainly in the lower portion of the body.

It was shown that when the deceased was found he was lying approximately ten feet from the curb on Tyler Street, fifty-one feet from the northwest corner of the intersection, and was in his sock feet. Two boots, which matched, were found at the scene, one being on the parking lot a hundred feet from the deceased and the other a lesser distance out in "H" Street. A pair of glasses was also found some seventy-five feet from the deceased. A tire track was also observed which came up on the curb at the northwest corner of the intersection where the curb was painted with yellow paint. Several pieces of glass from a seal beam headlight of an automobile were found in "H" Street, nine feet from the curb, at the intersection.

On Monday, December 5, 1960, appellant took his 1953 Ford station wagon to a repair shop in Harlingen and had the right front fender repaired where it had been dented and also had a seal beam put in the right front headlight, which was broken. In making the repairs, at appellant's suggestion the broken chrome rim around the seal beam on the right headlight was replaced by one taken off the left light.

On Wednesday, December 7, 1960, appellant was stopped by Officer Esparza while driving his 1953 Ford station wagon on Adams Street in Harlingen. After Officer Esparza observed that the right front fender and headlight had been damaged and repaired, appellant was placed under arrest and carried to the police station. At such time, yellow paint was observed on the right front fender and half around the right front tire. Three pieces of hair were also found on the right front fender.

Following his arrest, appellant, after being duly warned by Assistant District Attorney Joel W. Ellis, made and signed a written statement which, omitting certain portions, was introduced in evidence by the state, without objection. Those portions of the confession which were not offered by the state were introduced in evidence by appellant.

In his statement, appellant related that on the day in question he came to Harlingen from his home in La Feria, arriving after 2 o'clock p. m.; that during the afternoon he went to several places where he drank beer and then returned to his home that night, arriving around 10:30 o'clock. In his statement appellant related that as he was returning home and traveling on Tyler Street he felt his car hit something which he thought was a dog he had seen run across the street and that he did not stop but kept going. Appellant stated that on such occasion he hit the curb; that his car jumped up on the curb; and that the right headlight went out. He further related that the next day he removed the broken glass from the right headlight and placed it in a trash box at a place where he was working in Harlingen and that

later he accompanied the officers to the location, where they recovered the pieces of glass.

The pieces of glass recovered from the trash box and the pieces of seal beam headlight found at the scene of the accident were delivered to Chemist C. W. Maupin, of the Department of Public Safety, for examination. The three hairs found on the right front fender of appellant's automobile were also delivered to the chemist, along with some hair taken from the deceased's head. Chemist Maupin testified that his examination of the glass disclosed that one of the pieces found at the scene matched one of the pieces which appellant removed from the headlight of his automobile, and he expressed the opinion that the two pieces came out of the same larger piece of glass. He further testified that a microscopic examination of the three hairs removed from the right front fender of appellant's automobile and the hair taken from the deceased's head disclosed that they had similar characteristics, and he expressed the opinion that all of the hairs came from the same head.

Testifying as a witness in his own behalf, appellant admitted driving his automobile on West Tyler Street on the night in question in the vicinity where the deceased was found but denied that he saw or hit a man. Appellant stated that on such occasion he saw a dog cross in front of his automobile and insisted that it was the dog which was struck by his vehicle. Appellant stated that after striking the object he stopped but did not see anything but the dog running away. He also repudiated certain portions of his confession, including the statement therein that he did not stop, and testified that when he gave the statement he was scared.

Appellant called certain character witnesses, who testified as to his good reputation for being a peaceable and law-abiding citizen and for truth and veracity.

The court in his charge, to which no objection was made, submitted to the jury each and every defensive issue raised by the evidence.

The jury resolved the disputed issues against appellant, and we find the evidence sufficient to sustain their verdict.

No brief has been filed on behalf of appellant.

We have examined the informal bills of exception appearing in the statement of facts and perceive no reversible error.

The motion for rehearing is overruled.

Opinion approved by the Court.