**Gary Clyde DANIELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51264.**

Court of Criminal Appeals of Texas.

April 28, 1976.

Mary Ellen Hicks, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Marvin Collins, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

DOUGLAS, Judge.

This is an appeal from a conviction before the Court for the unauthorized use of a motor vehicle without the owner's consent, V.T.C.A., Penal Code, Section 31.07. Punishment, enhanced under V.T.C.A., Penal Code, Section 12.42(a), was assessed at eight years. On original submission the judgment was affirmed in a per curiam opinion. The sufficiency of the stipulated evidence and the question of the sufficiency of waiver of the right to cross-examine the owner of the vehicle were correctly decided in the original opinion.

Appellant, in his motion for rehearing, contends that the indictment is fundamentally defective in that it fails to allege an offense. Section 31.07, supra, provides, in part:

"(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner."

There is no allegation that he operated a "motor-propelled" vehicle. The indictment, omitting the formal parts, alleges that Gary Clyde Daniels

". . . did then and there intentionally and knowingly operate, without the effective consent of the owner, Jack C. Ritchmond, one *pickup truck* . . ." (Emphasis Supplied)

He relies primarily on the case of *Harrison v. State,* 151 Tex.Cr.R. 606, 210 S.W.2d 591 (1948), a conviction for failure to stop and render aid after a collision, wherein this Court held that the indictment was fundamentally defective because it failed "to allege that the truck was a motor vehicle, to-wit, a truck," stating that the word "truck" could be applied to more than one kind and character of vehicle.

The issue then is clearly defined, "Does the substitution of the words 'pickup truck' for 'motor propelled vehicle' render the indictment insufficient?" In 1 Branch's Ann. P.C.2d, Section 515, it is written:

"Where a word not in the statute is substituted for one that is, the indictment is sufficient if the word thus substituted is equivalent to the word used in the statute, or is of a more extensive signification than the statutory word and includes it."

The meaning of "pickup truck" is commonly understood. The term is frequently used in referring to light weight trucks. The Uniform Act Regulating Traffic on Highways, Article 6701d, V.A.C.S., Section 2(a) defines "vehicle" as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway . . . ." Section 2(b) defines "motor vehicle" as "every vehicle which is self-propelled . . . ." Section 2(h) provides that a "light truck" is "any truck, as defined in this act, with a manufacturer's rated carrying capacity not to exceed two thousand (2,000) pounds and is intended to include those trucks commonly known as pickup trucks, panel delivery trucks and carryall trucks." Section 4(a) defines "truck" as "every motor vehicle designed, used, or maintained primarily for the transportation of property."

We hold that the allegation "pickup truck" is sufficient as an allegation of a "motor-propelled vehicle" under the statute.[1] If any case may be construed to the contrary, it is overruled.

No error having been shown, the motion for rehearing is overruled.

---

1. See Texas Annotated Penal Statutes with Forms, Branch's Third Edition, Volume 2, Section 3107, page 515.