**Eric Wayne GRIFFIN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–031–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 23, 1986.

Don Driscoll, Dallas, for appellant.

John D. Nation, Asst. Dist. Atty., Dallas, for the State.

Before BURDOCK, HOPKINS and HUGHES (Retired), JJ.

OPINION

HUGHES, Justice (Retired).

Eric Wayne Griffin has appealed the judgment of the trial court in which he was assessed a term of life imprisonment in the Texas Department of Corrections for the offense of attempted capital murder. *See* TEX. PENAL CODE ANN. sec. 15.01 (Vernon Supp.1986).

We affirm.

The case here appealed was tried before the court along with four aggravated robbery cases to which appellant pled guilty and one aggravated robbery case and an attempted capital murder case to which he pled not guilty. He was found guilty in all the aggravated robbery cases and assessed three 25-year terms and two 60-year terms in those cases. He was found not guilty on another attempted capital murder case.

All of the sentences of those cases in which appellant was found guilty were set to run concurrently with the case here appealed.

The only determination in this case as embodied in ground of error solo is: Was the evidence sufficient for the trier of fact to conclude that appellant knew his intended victim to be a peace officer?

After learning that eight armed robberies had taken place at night depositories located at various malls, two Dallas police officers "staked out" the night depository located at Valley View Mall in Dallas on the night of August 22, 1984. Neither officer was in uniform; however, one officer had a police badge attached to his belt while the other officer had a "Dallas Police Department" patch on his shoulder and a badge on his hip. In addition, one officer was in his personal car while the other officer was in an unmarked city vehicle.

These officers observed appellant, armed with a pistol, rob a shoe store employee as the employee was attempting to make a deposit. Thereafter, appellant fled on foot. The officer in the unmarked city vehicle chased appellant in his car while the other officer chased appellant on foot. A point was reached where appellant's escape route was cut off by the officer in the vehicle. Appellant then turned toward the officer on foot and fired at him from a distance of about 40 yards. The officer appellant shot at admitted that, although he was wearing his badge, it was probably not visible. He also stated that he did not ever recall identifying himself as a police officer. He did hear his partner shout: "Halt! Police!", and warn bystanders to get out of the way. He further testified that his partner's warning occurred before appellant shot at him. In addition to the two police officers, appellant was also pursued by a civilian who heard the words, "Halt! Police!" on two occasions; the first definitely from the officer in the vehicle. Although the civilian could not say whose voice he heard the second time he did note that he did not see the vehicle close by when he heard the second warning.

A bizarre facet of this case is that the appellant, in his brief, admits "[T]he evidence would be sufficient to support Attempted Capital Murder of Officer Smith during the course of a robbery, but *not* in his role as a peace officer." (Emphasis ours.) Were the essential elements of the crime charged in this case proved beyond a reasonable doubt? *See Jackson v. Virginia,* 443 U.S. 307, 315–19, 99 S.Ct. 2781, 2786–89, 61 L.Ed.2d 560 (1979); *Jaynes v. State,* 673 S.W.2d 198, 200 (Tex.Crim.App. 1984). In this case it comes down to whether or not a rational trier of fact could conclude that appellant knew the man chasing him was a policeman.

Considering the circumstances here, where appellant obviously knew he was being boxed in by an organized pursuit of people who had him "staked out," it would be unreasonable to presume that others than peace officers would be involved in such an operation, particularly when the testimony revealed warning shouts of "Halt! Police!" twice before appellant shot at Officer Smith. Certainly it was not likely to be others than the police. We overrule ground of error solo.

We affirm.