**John Wesley COFFEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47028.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Ralph Taite, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, enhanced under the provisions of Art. 62, Vernon's Ann.P.C., life.

The appellant contends that the judgment of conviction alleged for enhance-

ment of punishment is void and that it therefore could not be used for the purpose of enhancement. We agree.

The appellant's conviction in that case was based upon a plea of guilty entered on January 29, 1965. The punishment was assessed at two years' confinement and the appellant was placed on probation. The record shows that a report of probation violation was filed on March 10, 1965, and that a capias which was issued on the same day and returned on the next day noted "Hold placed with Wisdom at City Jail." On October 20, 1965, another report of the probation officer was filed stating that the appellant had breached the conditions of probation. On August 16, 1968, a motion to revoke probation was filed and an order revoking probation was entered. Sentence was then imposed some eighteen months after the probationary period expired.

■ This Court has recently held that where the motion to revoke probation has been filed subsequent to the period of probation the Court does not have jurisdiction to entertain the motion and therefore probation may not then be revoked. Howard v. State, 495 S.W.2d 252 (Tex.Cr.App. 1973) and see McBee v. State, 166 Tex. Cr.R. 562, 316 S.W.2d 748 (1958). Since the trial court did not have jurisdiction to revoke the appellant's probation on August 16, 1968, the sentence imposed was void and that conviction cannot be used for enhancement of punishment.

■ The State argues that the issuing of the capias for the appellant's arrest tolled the term of probation and therefore the trial court retained its jurisdiction to revoke appellant's probation even though the motion to revoke was filed after the appellant's probation would have expired if the Court had not issued the capias. The State relies upon Ortega v. State, 414 S. W.2d 465 (Tex.Cr.App.1967); Stover v. State, 365 S.W.2d 808 (Tex.Cr.App.1963)

and Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449 (1962).

None of the three cases cited supports the State's position. In Ortega v. State, supra, the motion to revoke probation and the capias for the probationer's arrest were both issued over one month prior to the time the probationary period was to expire. The revocation was held proper.

In Stover v. State, supra, the Court stated:

"The mere fact that a motion has been filed during the probation term alleging a violation of the conditions of probation will not authorize revocation after such term has expired. Only the court's action authorizing the arrest of the probationer, followed by diligent effort to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended."

In Pollard v. State, supra, the State filed a motion to revoke probation six days before the term of probation expired. The Court there said:

"The state relies upon Ex parte Fennel, 162 Tex.Cr.R. 286, 284 S.W.2d 727, wherein we held that where the violation occurs and warrant of arrest for the violation of probation issues prior to the expiration of the term of probation, and the hearing is not unduly delayed the court has authority to revoke probation though the term has expired before the order is entered. The fact that no warrant is shown to have issued during the term of probation distinguishes the case before us from Ex parte Fennel, supra."

■ In order for the Court to have jurisdiction to revoke probation both a motion to revoke probation and a capias for the arrest of the appellant must be issued prior to the termination of the period of probation. See Bryant v. State, 496 S.W. 2d 565 (Tex.Cr.App.1973) and Bobo v. State, 479 S.W.2d 947 (Tex.Cr.App.1972).

In this case the motion had not been filed prior to that time.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.