**308**

Ex parte Freddie Lee WASHINGTON.

No. 55502.

Court of Criminal Appeals of Texas.

Nov. 2, 1977.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is a post-conviction application for habeas corpus brought pursuant to Art. 11.-07, V.A.C.C.P. Petitioner challenges the sixteen year term of confinement imposed upon his conviction in 1976 for the offense of escape. The indictment in that cause alleged the offense was committed on November 9, 1973, and alleged two prior convictions for enhancement. Arts. 353b, 63, V.A.P.C. The indictment did not allege the use of a firearm or other deadly weapon. See Art. 353b, supra. The state waived one of the enhancement paragraphs, and petitioner entered judicial confessions admitting the escape and the prior conviction alleged in the remaining paragraph. The court found appellant guilty of escape committed on November 9, 1973, found the allegation of the prior conviction true, and assessed punishment at 16 years.

■ The prior conviction alleged in the indictment was for theft, and would not support enhancement of punishment under Article 62, V.A.P.C. The maximum punishment allowable for this conviction under Article 353b, V.A.P.C., would be five years. It appears from the record before us that punishment was assessed under V.T.C.A., Penal Code Sec. 12.42(a). The record does not contain any election by petitioner to be punished under the 1974 Code. Section 6(a, c) of the Penal Code Act (Acts 1973, 63rd Leg., ch. 399, Sec. 6(a, c)) provides:

"(a) Except as provided in Subsections (b) and (c) of this section, this Act applies only to offenses committed on or after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force.

. . .

\* \* \* \* \* \*

"(c) In a criminal action pending on or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant,

if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court before the sentencing hearing begins."

It thus appears from the record before us that petitioner should have been punished under Art. 353b, supra, and that the maximum that could have been properly assessed was five years.

Petitioner contends that he has served in excess of the minimum and is entitled to be discharged. In *Ex parte Hill*, Tex.Cr.App., 528 S.W.2d 125, we expressly overruled the authority relied on by petitioner in his prayer for discharge, and held this Court has the power in habeas corpus cases to grant partial relief and remand the case to the trial court for a proper assessment of punishment by the trial judge where the error relates to punishment only and punishment was assessed by the court without a jury. Such relief is appropriate in the instant case.

Accordingly, the sentence is set aside and petitioner is remanded to the trial court for a proper assessment of his punishment by the trial judge.

It is so ordered.