Manuel PEDRAZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 57257.

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 22, 1978.

Charles W. Fairweather, Amarillo, for appellant.

Dale Summa, County Atty., Stratford, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ODOM, Judge.

This is a probation revocation case.

Appellant contends:

"The trial court erred in entering an order revoking appellant's probation inasmuch as the purported order placing appellant on probation initially was void for the reason that it attempted to place appellant on probation for a period in excess of the maximum punishment prescribed by law for the offense for which appellant was placed on probation."

The record shows that on November 3, 1976, appellant was convicted for the misdemeanor offense of assault under V.T.C.A., Penal Code Sec. 22.01(a)(1), and was placed on probation for two years. On June 27, 1977, a motion to revoke probation was filed alleging, among other things, that the appellant committed the offense of driving while intoxicated on April 9, 1977, and was found guilty of that offense on June 1, 1977. On June 29, 1977, a hearing was conducted wherein the court held that the appellant had violated his terms and conditions of probation in that he did commit the offense of driving while intoxicated as set out in the motion.

It was improper to place appellant on probation for a two year term, since the maximum term for the offense for which he was convicted was one year. Article 42.13, Sec. 3(b), V.A.C.C.P., allows imposition of a probationary term in excess of the actual punishment assessed, but not in excess of

the maximum term of confinement allowable for the offense.

Appellant argues the order placing him on probation was void ab initio. We hold the order was void only to the extent it purported to subject appellant to probationary supervision beyond the time authorized by law. This is not review of an improper assessment of punishment in a sentence that is indefinite or unauthorized in its directions to the executive authority charged with execution of sentence, such as would require reassessment of punishment before the executive would have a lawful order clearly directing him in the punishment to be imposed. See, e. g., *Ex parte Hill,* Tex. Cr.App., 528 S.W.2d 125; *Ex parte Washington,* Tex.Cr.App., 557 S.W.2d 308; *Ex parte White,* Tex.Cr.App., 538 S.W.2d 417; *Tyra v. State,* Tex.Cr.App., 534 S.W.2d 695; *Green v. State,* Tex.Cr.App. 555 S.W.2d 738. Probation is not such an assessment of punishment; it suspends punishment and is in the nature of clemency. See, Art. 4, Sec. 11–A, Tex.Const.; *Lechuga v. State,* Tex. Cr.App., 532 S.W.2d 581. When probation is granted, the probationer is under the supervision of the court granting probation. Art. 42.13, Sec. 5(a), V.A.C.C.P.; cf. Art. 42.12, Sec. 3, V.A.C.C.P.

The probationary period runs continuously until it expires. See, *Nicklas v. State,* Tex.Cr.App., 530 S.W.2d 537; *Ex parte Miller,* Tex.Cr.App., 552 S.W.2d 164. Had the maximum period of probation to which appellant could lawfully be subjected (one year) expired prior to the violation and revocation of his probation, a different situation would be presented. See *Nicklas v. State,* supra. Here, probation was granted on November 3, 1976, and consequently, any violation of its terms and conditions after November 3, 1977, could not support a revocation order. However, the date of the motion to revoke was June 27, 1977, which was clearly within the one year term, and the offense for which probation was revoked occurred on April 9, 1977, also within the term. We find no error constituting an abuse of discretion by the supervising court. Furthermore, the order revoking appellant's probation recites:

"[T]he defendant was placed on probation for a period of two (2) years (which period was incorrect and should have been for a period of one (1) year, the court finding that it was his intention at that time to make the term of probation the longest time legally permissible, to wit, one year) . . ."

The court acted within its power when it revoked appellant's probation.

The judgment is affirmed.