Ronald Eugene **CHAUNCEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1213–92.

Court of Criminal Appeals of Texas, En Banc.

May 11, 1994.

Thomas S. Morgan, Midland, court appointed, for appellant.

Al W. Schorre, Dist. Atty. & Jan Baker, Asst. Dist. Atty., Midland, Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was convicted of felony driving while intoxicated, and the trial court assessed punishment at two years confinement in the county jail, probated for eight years. Tex. Rev.Civ.Stat.Ann. art. 6701*l*-1(e)(2) (Vernon Supp.1992). The Eighth District Court of Appeals affirmed. *Chauncey v. State* 837 S.W.2d 179 (Tex.App.—El Paso 1992). We granted appellant's petition for discretionary review to determine (1) whether dual jail and restitution center terms are invalid conditions of probation under article 42.12 § 18(a) of the Code of Criminal Procedure, and (2) whether the length of the probationary term imposed may exceed the maximum imprisonment term allowable for the offense under article 42.12 § 3 of the Code of Criminal Procedure.[1]

I.

As conditions of his probation, appellant was to serve 180 days in jail followed by three to twelve months in a restitution center. On appeal, appellant complained that the express language of article 42.12 § 18(a) of the Code of Criminal Procedure prevents the imposition of both time in jail and a restitution center term as conditions of probation. The Court of Appeals disagreed, reasoning that in order to further the Legislature's purpose of granting broad authority to trial courts in setting conditions of probation, a trial court may impose as conditions of probation, both a prison term and time in a restitution center.[2] *Id.* at 183.

Before this Court appellant argues that jail and restitution center terms are mutually exclusive conditions of probation pursuant to article 42.12, § 18(a)[3] which provides for a

[1]. We note that appellant argued that his sentence was statutorily infirm, and also that it violated his due process rights and rights against cruel and unusual punishment. However, appellant provided no argument and cited no authority for his due process claim under either the Texas or the United States Constitutions. Furthermore, appellant cited no authority for his claim under article 1 § 13 of the Texas Constitution regarding his right against cruel and unusual punishment.

In support of his argument that his sentence constituted cruel and unusual punishment under the eighth amendment to the United States Constitution, appellant asserted that there had never been a sentence imposing dual prison and restitution center terms as a condition of probation for a DWI conviction. *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (standing for the proposition that a critical factor in determining whether a sentence is cruel and unusual punishment is whether such a sentence has been imposed in the same or other jurisdictions). However, this is only one factor in deeming punishment cruel and unusual, and we do not believe that a Constitutional violation was shown in this case.

[2]. The stated purpose of the adult probation statute is "to place wholly within the State courts of appropriate jurisdiction the responsibility for determining ... the conditions of probation ... [and] ... to remove from existing statutes the limitations ... that have acted as barriers to effective systems of probations in the public interest." TEX.CODE CRIM.PROC.ANN. art. 42.12 § 1 (Vernon Supp.1992).

[3]. Appellant also argues that because article 42.12 § 13 deals exclusively with conditions of probation in DWI cases but does not include a condition of dual restitution center and prison terms, that such a condition should be deemed invalid. However, while section 13 does deal with DWI probation conditions, it does not purport to provide an exhaustive list of options for the trial court.

restitution center term as "an alternative to imprisonment."[4] The State agrees with the Court of Appeals that in order to effectuate the policy behind article 42.12, the imposition of jail and restitution center terms should not be deemed mutually exclusive conditions of probation and that section 18(a) should be interpreted to provide for a restitution center term as an alternative to "continued" imprisonment.

At the time of appellant's conviction, article 42.12 § 18(a) provided, in pertinent part:

> If a judge places a defendant on probation under any provision of this article as an *alternative to imprisonment,* the judge may require as a condition of probation that the defendant serve a term of not less than three months or more than 12 months in a restitution center ...

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 18(a) (Vernon Supp.1992) (emphasis added). This section applies when "probation [is awarded] as an alternative to imprisonment".[5] Appellant was sentenced to two years confinement in the county jail, that sentence was suspended and he was awarded probation; accordingly, appellant was "place[d] on probation ... as an alternative to" the imposition of the sentence of two years confinement. Appellant's term of 180 days confinement in the county jail was not imposed as an alternative to probation, but rather as a condition thereof.

■ Both parties and the Court of Appeals have failed to make the distinction between a *sentence* of imprisonment and imprisonment that is imposed as a *condition of probation.* They have viewed the term "imprisonment" as utilized in section 18(a) as referring to any imprisonment, even imprisonment imposed as a condition of probation rather than as a sentence. This is contrary to a plain reading of the provision. It makes no sense to read section 18(a) as applicable when a defendant is *placed on probation* as an alternative to imprisonment *which is imposed as a condition of probation.*[6] We hold that section 18(a) does not preclude the imposition of time in a restitution center, together with jail time which was imposed as a condition of probation.

## II.

Appellant also complained on appeal of the length of his probationary period, arguing that article 42.12 § 3 prohibits the fixing of a term of probation that exceeds the statutory

4. Although article 6701*l*-1(e)(2), under which appellant was charged, uses the term "imprisonment" in connection with confinement in the state penitentiary and the term "confinement" in connection with detention in the county jail, the probation statute contained in Chapter 42 the Code of Criminal Procedure does not make that distinction. For instance, article 42.12 § 12 provided at the time of appellant's sentence that "the court [in a misdemeanor case] may require as a condition of probation that the defendant submit to a period of *detention in a county jail* or community corrections facility to serve a term of *imprisonment,* [and] ... [i]n a felony case the court may require as a condition of probation that the defendant submit to a period of *detention in a county jail* to serve a term of *imprisonment....*" TEX.CODE CRIM.PROC.ANN. art. 42.12 § 12 (Vernon Supp.1992). While some Code provisions do seem to make such a distinction in terminology, others do not. *Compare* TEX.CODE CRIM.PROC.ANN. art. 42.03 § 4 (referring to a defendant sentenced to "imprisonment in the Department of Corrections" and "time in jail") (Vernon Supp.1992) *with* TEX.CODE CRIM.PROC.ANN. art. 42.08 (Vernon Supp.1992) (providing that "cumulative sentences in misdemeanor cases shall not exceed the maximum period of *imprisonment in jail* applicable to the misdemeanor offenses"). *See also Jenkins v. State,* 615 S.W.2d 231, 222 (Tex.Crim.App.1981) (noting that defendant convicted under article 6701*l*-1 was not sentenced to "imprisonment in jail").

5. While it might appear to be redundant to refer to probation that is imposed "as an alternative to imprisonment", we note that in the case of shock probation, the defendant serves up to 180 days of his sentence before his sentence is suspended and probation awarded. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 6. In that case, a defendant is not placed on probation as an alternative to imprisonment but is placed on probation *in addition to* the service of a portion of the sentence of imprisonment. This differs from the case where, as here, the execution of the sentence of imprisonment is suspended, but imprisonment is imposed as a condition of probation. TEX.CODE CRIM.PROC. ANN. art. 42.12 § 12.

6. In order for section 18(a) to convey the meaning that appellant urges, it would have to provide that "[i]f a judge places a defendant on probation under any provision of this article *and the conditions of probation do not include a term of imprisonment,* the judge may require...." This meaning is far from the plain meaning of the provision.

sentence allowable for the offense. The Court of Appeals disagreed, holding that the trial court did not err in this regard since article 42.12 § 3 provides that the period of probation may be fixed "without regard to the term of punishment assessed" so long as it does not exceed ten years.

In his petition before this Court,[7] appellant cites *Jaynes v. State*, 673 S.W.2d 198 (Tex. Crim.App.1984), in which we stated that a probationary term may not be imposed which is greater than the maximum sentence statutorily allowable for the offense. Appellant contends that because the maximum term of imprisonment allowable for his offense is five years, his probationary term cannot exceed five years. The State, in agreement with the Court of Appeals, contends that the eight year probationary term is valid under article 42.12 § 3 which provides that a court can fix a period of probation without regard to the term of punishment assessed so long as the probationary period does not exceed ten years.

■ At the time of appellant's conviction, article 42.12 § 3 provided, in pertinent part:

Except as otherwise provided by this section, in all felony cases where the punishment is assessed by the Court it may fix the period of probation without regard to the term of punishment assessed, but in no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted.

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3 (Vernon Supp.1992). We see nothing in the plain language of section 3 which limits the trial court, in assessing the term of probation, to a term that does not exceed the maximum sentence of imprisonment statutorily allowable for the offense. The only limitation appearing in section 3 is that the term of probation shall not "be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted." Had the legislature intended to otherwise limit the term that might be assessed, it could have so provided.[8] Accordingly, we hold that the Court of Appeals did not err in concluding that the trial court properly assessed a probationary term of

**7.** We note that appellant urged this ground in his petition for discretionary review, and although we granted its review, appellant failed to address it in his later brief. We have considered the arguments set forth in appellant's petition with respect to this ground to be incorporated into his brief.

**8.** In *Jaynes*, relied upon by appellant, the maximum period of confinement allowable for the offense was five years; the defendant was sentenced to eight years confinement, probated for eight years. *Jaynes*, 673 S.W.2d at 202. The defendant claimed that "the trial court erred in sentencing [her] to a term of confinement in excess of the maximum term of imprisonment authorized by statute and by placing her on probation for a term of years in excess of the maximum term of imprisonment authorized by statute." *Id.* We stated that

Although Article 42.12, Section 3, V.A.C.C.P., allows imposition of a probationary term without regard to the term of punishment assessed, as long as the probationary term is not greater than ten years, *we believe that it does not allow the imposition of a probationary term in excess of the maximum term of confinement allowable for the offense.*

*Id.* (emphasis added). This conclusion was based upon our opinion in *Pedraza v. State*, 562 S.W.2d 259 (Tex.Crim.App.1978), where we had

stated that the term of probation for a misdemeanor was limited to the maximum term of confinement allowable for the offense. In *Jaynes*, we applied "the same reasoning to felony probations." *Jaynes*, 673 S.W.2d at 202. However, we think this reasoning was flawed. *Jaynes* failed to recognize that in *Pedraza*, the provision applicable to assessing the term of misdemeanor probation expressly provided that the probationary term assessed could not be "in excess of the maximum term of confinement." *Pedraza*, 562 S.W.2d at 259 (referring to article 42.13, Sec. 3(b) of the Code of Criminal Procedure, which provided at the time that in assessing misdemeanor probation the court may "extend the term of the probationary period to any length of time not exceeding the maximum time of confinement allowed by law"). Accordingly, we disavow our statement in *Jaynes* that section 3 "does not allow the imposition of a probationary term in excess of the maximum term of confinement allowable for the offense" and to the extent necessary overrule it. We note that, apart from the section 3 issue, *Jaynes* was properly reversed on the ground that the court assessed a term of confinement (eight years) that exceeded the maximum allowable for the offense (five years). *See Jaynes*, 673 S.W.2d at 203 (Clinton, J., concurring) (Court need not have reached issue of probationary term because case properly remanded on other grounds).

eight years even though the maximum sentence allowable for felony DWI is five years.

The judgment of the Court of Appeals is affirmed.

BAIRD, Judge, dissenting.

Believing our holding in *Jaynes v. State*, 673 S.W.2d 198 (Tex.Cr.App.1984), correctly interpreted Tex.Code Crim.Proc.Ann. art. 42.12, § 3 as limiting the length of the probationary term to the maximum term of confinement prescribed by law, I dissent to Part II of the majority opinion.

## I.

At the time of appellant's trial, Tex.Code Crim.Proc.Ann. art. 42.12, § 3(a) provided in pertinent part:

> ... Except as otherwise provided by this section, in all felony cases where the punishment is assessed by the Court it may fix the period of probation without regard to the term of punishment assessed, but in no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted....

Generally, the application of art. 42.12, § 3 is not problematic because, for the vast majority of felonies, the maximum length of probation falls within the punishment range of all three classes of felonies.[1] However, the application of art. 42.12, § 3 becomes problematic for those rare felonies where the maximum term of confinement is less than ten years. *See e.g.,* Tex.Rev.Civ.Stat.Ann. art. 6701*d* (failure to stop and render aid); art. 6701*l*–1 (driving while intoxicated); *and,* art. 9012 (reproduction of sound recording for sale without owner's consent).

## II.

We addressed this problematic area in *Jaynes,* 673 S.W.2d 198. Following Jaynes' conviction for failure to stop and render aid, Tex.Rev.Civ.Stat.Ann. art. 6701*d,* §§ 38 and 40, the trial judge assessed punishment at eight years confinement, probated for a period of eight years. On appeal, Jaynes contended the trial judge erred in assessing probation in excess of the maximum term of confinement for the offense, five years. Eight judges of this Court agreed, holding:

> ... Although Article 42.12, Section 3, V.A.C.C.P., allows imposition of a probationary term without regard to the term of punishment assessed, as long as the probationary term is not greater than ten years, *we believe that it does not allow the imposition of a probationary term in excess of the maximum term of confinement allowable for the offense.*[2]

*Id.,* 673 S.W.2d at 202 (citing *Pedraza v. State,* 562 S.W.2d 259 (Tex.Cr.App.1978)).[3] *Compare, Bridges v. State,* 664 S.W.2d 98, 100 (Tex.Cr.App.1984).

In the instant case, appellant was convicted of the felony offense of driving while intoxicated and was sentenced to two years confinement, probated for eight years. Tex. Rev.Civ.Stat.Ann. art. 6701*l*–1(e). However, art. 6701*l*–1(e)(2) provides for a maximum term of confinement of five years. Therefore, consistent with our holding in *Jaynes,* appellant's term of probation may not exceed five years. *Jaynes,* 673 S.W.2d at 202.

## III.

The majority's re-interpretation of art. 42.-12, § 3 is in direct conflict with our decision in *Jaynes,* 673 S.W.2d 198. The doctrine of *stare decisis* commands that we follow settled questions of law in the absence of com-

---

**1.** Similarly, Tex.Code Crim.Proc.Ann. art. art. 42.12, § 3 specifically provides that probation may be set at a maximum two years for those third-degree felonies which are punished by a maximum of one year confinement in a community correctional institution. *See,* Tex.Penal Code Ann. § 12.34(a)(2).

**2.** All emphasis is supplied unless otherwise indicated.

**3.** In *Jaynes,* we relied upon the reasoning in *Pedraza v. State,* 562 S.W.2d 259, 259–260 (Tex.

Cr.App.1978), which addressed the maximum period of probation in the context of the misdemeanor probation statute, Tex.Code Crim.Proc. Ann. art. 42.13, § 3. While the majority suggests our holding in *Jaynes* resulted from a misreading of the applicable statute, majority op. at pg. 308, we specifically noted in *Jaynes* that although *Pedraza* involved a different probation statute, the reasoning was equally persuasive with regard to felony probation. *Jaynes,* 673 S.W.2d at 202.

pelling reasons to reject them, *see, Ex parte Porter,* 827 S.W.2d 324, 329 (Tex.Cr.App. 1992) (Baird, J., dissenting op.), *and* cases cited therein. The majority provides no compelling reason to reject *Jaynes.* Consequently, the instant case is governed by our holding in *Jaynes* and the majority's abrupt "disavowal" of that holding is unwarranted. Majority op. pg. 308, n. 8.

With these comments, I respectfully dissent.