

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. WR-92,475-01

---

### EX PARTE MATHEW DAVID LOZOYA, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN
### CAUSE NO. F46837-A IN THE 18TH DISTRICT COURT
### JOHNSON COUNTY

---

**HERVEY, J., delivered the opinion of the Court in which RICHARDSON, NEWELL, WALKER, and MCCLURE, JJ., joined. KELLER, P.J., KEEL, and SLAUGHTER, JJ., concurred. YEARY, J., filed a dissenting opinion.**

## O P I N I O N

Applicant pled guilty to two counts of third-degree felony obtaining a controlled substance by fraud. TEX. HEALTH & SAFETY CODE §§ 481.129(a)(5)(B), (d)(2). Pursuant to a plea bargain, Applicant pled guilty to two counts, and the State[1] abandoned the other

---

[1] When we refer to the State, we mean the local district attorney's office. In contrast, we also refer to the State Prosecuting Attorney (SPA), which filed an amicus curiae brief in this case. The SPA's Office is a state-wide agency that represents the people of Texas in all proceedings before this Court. TEX. GOV'T CODE § 42.001; *compare id.* § 42.005(b) ("A district or county attorney may assist the state prosecuting attorney in representing the state before the

two. The State agreed to recommend a four-year sentence of confinement in one count and to place Applicant on community supervision for 10 years in the other. The trial court followed the agreement and ordered Applicant's sentences to run concurrently. However, the maximum initial period of supervision for this offense, without a lawful extension, which is absent here, is five years. TEX. CODE CRIM. PROC. art. 42.12 § 3(b)(2)(B) (2017) (maximum initial period for a felony is 10 years except that it is five years for other certain third-degree felonies, including obtaining a controlled substance by fraud). In year six, the prosecutor filed a motion to revoke. The trial court revoked Applicant's community supervision and sentenced him to five years' incarceration. We filed and set this case to determine (1) whether Applicant should be estopped from challenging the trial court's revocation of his community supervision because he accepted benefits under his plea agreement, (2) whether the trial court had jurisdiction to revoke Applicant's supervision after the five-year period expired if estoppel does not apply, and (3) the proper remedy if Applicant is entitled to relief. We conclude that Applicant is not estopped from challenging the trial court's order revoking his community supervision, that the trial court had no jurisdiction to revoke Applicant's community supervision, and that the proper remedy is to vacate the trial court's order revoking Applicant's community supervision.

---

court of criminal appeals."), *with* 42.005(a) ("The state prosecuting attorney may assist a district or a county attorney in representing the state before a court of appeals if requested to do so by the district or county attorney.").

## PROCEDURAL HISTORY[2]

About six months after the five-year period of supervision expired, a motion to revoke was filed.[3] The capias issued seven days later, and the trial court subsequently revoked Applicant's community supervision. Applicant agreed to plead true to the allegations in return for the State recommending a five-year sentence of imprisonment.

The State later notified Applicant that it believed that the trial court did not have jurisdiction to revoke his community supervision when it did because no motion to revoke had been filed nor did a capias issue before expiration of the five-year period. Applicant filed the instant writ application making the jurisdiction argument. After

---

[2] We do not recite the facts supporting the charges because this case deals with legal issues that do not turn on those facts.

[3] The district attorney's office alleged that Applicant,

- Failed to totally abstain from the illegal use of controlled substances because he admitted to consuming methamphetamine on or about March 28, 2019,

- Failed to report to his supervision officer on April 22, 2019,

- Failed to pay his $60 supervision fee for the months of April through December 2016; January through December 2017; January through December 2018; and January through April 2019,

- Failed to pay his $361 court cost as scheduled,

- Failed to timely pay his $1,000 fine, his $10 crimestopper fee, his $80 bond fees, and $80 UA fees, and

- Failed to participate in his mandatory drug or alcohol continuum of care treatment plan after completing the SAFEP Relapse Program successfully complete Phase I of his continuum of care due to him leaving the Salvation Army and not returning.

receiving the application, we remanded it for further record development. The trial court entered findings of fact and conclusions of law, and it recommended that we grant relief.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The trial court entered findings of fact and conclusions of law that mostly dealt with Applicant's claims of ineffective assistance of counsel regarding his counsels' lack of knowledge about applicable community-supervision law.[4] Relevant to this case, the habeas court concluded that an order placing a defendant on community supervision was void to the extent it purports to subject a defendant to an unlawful period of supervision. It further concluded that, because Applicant's community supervision ended after the lawful five-year period expired without a motion to revoke having been filed within that time, the court did not have the jurisdiction to revoke Applicant's community supervision, and the judgment purporting to do so was void for lack of jurisdiction. The habeas court relied on *Prior v. State*, 795 S.W. d 179, 183 (Tex. Crim. App. 1990), *Pedraza v. State*, 562 S.W.2d 259, 260 (Tex. Crim. App. [Panel Op.] 1978), and *Coffey v. State*, 500 S.W.2d 515, 515 (Tex. Crim. App. 1973).

## STANDARD OF REVIEW

A habeas court's findings of fact and conclusions of law are reviewed under a bifurcated standard. *See Ex parte Navarijo*, 433 S.W.3d 558, 567 (Tex. Crim. App. 2014). We defer to a habeas court's findings of fact that are supported by the record, especially when the findings are based on credibility and demeanor. *Rios v. State*, No.

---

[4] Applicant had different counsel for his motion to revoke. That counsel also did not know about the five-year limitation.

PD-0441-21, 2022 WL 17481021, at \*8 (Tex. Crim. App. Dec. 7, 2022). We also defer to a habeas court's rulings on mixed questions of law and fact when resolution of the legal issue turns on the credibility of evidence or demeanor of witnesses. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo legal questions and mixed questions of law and fact that do not turn on credibility or demeanor. *Id.* The habeas court is the original factfinder, but this Court is the ultimate factfinder and can exercise that authority "to make contrary or alternative findings and conclusions." *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).

## ESTOPPEL

This Court has recognized two theories of estoppel: estoppel by contract and estoppel by judgment. *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007). We have said that estoppel by contract means that "a party who accepts benefits under a contract is estopped from questioning the contract's existence, validity, or effect" and that estoppel by judgment means that "[o]ne who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences." *Id.* (quoting 31 C.J.S. *Estoppel and Waiver* § 124 (contract by estoppel), 130 (estoppel by judgment) (1996)).

### a. Clarifying Estoppel by Contract

We begin by addressing estoppel by contract. We have not been as precise as we could have been in the past when discussing this doctrine. We now take the opportunity to clarify its application in criminal law. Estoppel by contract prevents a party from

"deny[ing] the truth of facts agreed on and settled by force of entering into a contract . . . " 31 C.J.S. *Waiver and Estoppel* § 55 (2019). It means "that a party is bound by the terms of his own contract until set aside or annulled for fraud, accident, or mistake." *United Fid. Life Ins. Co. v. Fowler*, 38 S.W.2d 128, 131 (Tex. Civ. App.—Dallas 1931, writ dism'd w.o.j.). For estoppel by contract to apply, no acceptance of benefits is necessary. The doctrine turns on whether a party took a position inconsistent with essential facts recited in the contract to the prejudice of another. 31 C.J.S. *Estoppel and Waiver* § 70 (2019). Estoppel by contract does not apply here because Applicant is not challenging the terms of the plea agreement. For example, Applicant does not argue that the State orally agreed to recommend a five-year probated sentence even though the plea paperwork shows that the State would recommend a 10-year probated sentence.

When we have referred to estoppel by contract in *Rhodes* and subsequent cases, we meant estoppel by acceptance of benefits under a contract, which is a closely related but distinct type of estoppel. *Rhodes*, 240 S.W.3d at 891 (referencing a version of estoppel that turns on the acceptance of benefits but mislabeling the doctrine as estoppel by contract which does not turn on the acceptance of benefits). Our conclusion is supported not only by the definition we adopted, but also by our citations in *Rhodes*. In *Rhodes*, we cited Section 124 of Volume 31 of the Corpus Juris Secundum. *Id.* (citing 31 C.J.S. *Estoppel and Waiver* § 124 (2009)). But that section deals with acceptance-of-benefits estoppel, and the doctrine's application to contracts is addressed in the following section, Section 125. 31 C.J.S. *Estoppel and Waiver* § 125 (2009). On the other hand, estoppel by contract is discussed in Section 55, which we never cited. *Id.* § 55. Going

forward, we will not refer to estoppel by contract when determining whether an applicant should be estopped from bringing a claim because he accepted a benefit from a plea bargain.[5]

### b. Discussion

#### i. *Can a Court* Sua Sponte *Raise Estoppel on Behalf of the State?*

According to Texas civil law, which we have approvingly cited in this area, a defendant must plead and prove estoppel because it is an affirmative defense. TEX. R. CIV. P. 94 ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . estoppel . . . and any other matter constituting an avoidance or affirmative defense."). While that rule does not neatly translate to criminal law, we have never had the occasion to decide whether the State has a duty, as the aggrieved party, to raise estoppel or whether courts will *sua sponte* raise the issue for the State. *See Ex parte Smith*, 444 S.W.3d 661, 667 (Tex. Crim. App. 2014) (courts can *sua sponte* consider whether laches should bar relief).

Estoppel was not mentioned in this litigation until this Court ordered the State to address the topic when we filed and set the writ application for submission, and now, the State argues that estoppel does not apply.[6] Even the SPA argues that, "[b]ecause estoppel is an equitable doctrine, the Court is not required to apply it when the directly aggrieved

---

[5] Estoppel by contract could become an issue in another plea-bargain case if a defendant takes a position inconsistent with the terms of the plea bargain to the prejudice of the State.

[6] We recently said that the State can raise estoppel on direct appeal for the first time as the prevailing party at trial, but we also suggested that the non-prevailing party forfeits the argument if not preserved. *See Martell v. State*, PD-1234-20, 2022 WL 1548020 (Tex. Crim. App. May 11, 2022).

party (the local District Attorney) is not demanding it" and that "[t]he local interest may be at its apex here when relief would be a remand of the cause to the trial court for further proceedings." SPA's Amicus Curiae Brief at 4 (citing *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) ("Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute.")). We need not, however, resolve this unbriefed, open question about whether courts can *sua sponte* raise estoppel because we conclude that estoppel does not apply.

ii.    *Limitations on Application of the "Estoppel by Acceptance of Benefits" Doctrine*

Under the acceptance-of-benefits doctrine, "[t]he acceptance of any benefit from a transaction or contract, with knowledge or notice of the facts and rights, will create an estoppel." 31 *C.J.S. Waiver & Estoppel* § 154 (2019) (estoppel by acceptance of benefits, generally). But the doctrine is not without its limits. "[I]t is essential that the person against whom the estoppel is claimed must have acted with knowledge of the facts and of his or her rights . . . ." *Id.* § 155 (elements, extent, and limits of rule governing estoppel by acceptance of benefits); *see Frazier v. Wynn*, 472 S.W.2d 750, 753 (Tex. 1971) ("'[T]here can be no ratification or estoppel from acceptance of the benefits by a person who did not have knowledge of all material facts' at the time of acceptance."); 28 AM. JUR. 2D *Estoppel and Waiver* § 61 (2021) ("Before one's acceptance of a benefit can amount to an 'estoppel,' it must be shown that the benefit was accepted with knowledge of all the material facts."). There is no voluntary acceptance of a benefit if the person "lacks knowledge of some material fact at the time of acceptance . . . ," and if a person involuntarily accepts a benefit, acceptance of the benefit will not create an estoppel if the

person takes steps to "tender back the benefits . . . ." *Estate of Johnson*, 631 S.W.3d 56, 65 n.43 (quoting *Turcotte v. Trevino*, 499 S.W.2d 705 (Tex. Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.)).

### iii.  No Estoppel is Created Here

The record shows the following: (1) trial counsel, the State, and the judge all erroneously believed that Applicant could have been placed on community supervision for 10 years, (2) Appellant's motion-to-revoke counsel had the same mistaken belief, (3) the State notified Applicant on October 9, 2020, after it discovered the issue,[7] (4) the court appointed an attorney for Applicant on January 28, 2021, and (5) Applicant filed this application on March 18, 2021, less than two months later. Even if, as the SPA argues, placing a defendant on community supervision is a *per se* benefit, there is no evidence that anyone knew the material facts that the maximum lawful initial period of supervision was only five years or that Applicant was bargaining away his right not to be placed on community supervision for longer than legally allowed. This also is not a case in which Applicant slept on his rights.

We need not decide the exact contours of the acceptance-by-benefits doctrine today. It is sufficient for us to conclude that, based on this unusual case in which no one knew about the material facts that the maximum lawful initial period of supervision was only five years or that Applicant was bargaining for an unlawful period of supervision, Applicant's acceptance of the 10-year period of community supervision, assuming it was

---

[7] The State issued a notice pursuant to the Michael Morton Act. TEX. CODE CRIM. PROC. art. 39.14. It did not say in its notice when it discovered the issue.

a benefit, was not voluntary. We further conclude that Applicant did not acquiesce to the statutorily unlawful period of supervision or ratify it because, once he learned the material facts, he diligently pursued his claim. It would be inequitable on this record to hold that an acceptance-of-benefits estoppel was created under the plea agreement or the judgment.

## TRIAL COURT'S JURISDICTION TO REVOKE

The issue in this case is a narrow one: Applicant argues that the trial court lacked jurisdiction to revoke his community supervision after the five-year period expired. This case is *not about* whether the trial court had jurisdiction to place Applicant on community supervision for more time than was lawfully allowed, it is about whether the trial court had jurisdiction to revoke Applicant. It is also *not about* whether the trial court had the authority to place Applicant on community supervision for more time than was lawfully allowed, or whether Applicant's sentence was illegal.[8] Applicant also does not challenge the length of the supervisory period.

The SPA argues in its amicus brief that the trial court retained jurisdiction because the original judgment placing Applicant on community supervision was still "valid at the time Applicant's community supervision was revoked . . . ." It goes on to argue that the

---

[8] The applicant in *Ex parte Williams*, 65 S.W.3d 656 (Tex. Crim. App. 2001) was placed on community supervision for 10 years even though he was not probation eligible because of an affirmative deadly weapon finding. *Id.* at 657. He argued on writ that he was entitled to relief because his sentence was illegal. *Id. Williams* is distinguishable from the instant case because Applicant does not argue that his sentence is illegal, and Applicant is challenging the order revoking his community supervision, not the order placing him on community supervision.

fact that "the excessive term of community supervision was later discovered to be unauthorized does not change that." Because our precedent is relevant to the disposition of this issue, we review it now.

In *Coffey*, the appellant was convicted of robbery and sentenced to life imprisonment based on an enhancement. *Coffey*, 500 S.W.2d at 515. He appealed, arguing that the enhancement conviction was void. *Id.* at 515-16. The appellant had been placed on community supervision for a two-year period, and after the period ended, the State filed a motion to revoke, which the trial court granted. *Id.* at 516. We held that a trial court has jurisdiction to revoke community supervision after the supervision period ends only if a motion to revoke was filed and a capias issued before expiration of the period. *Id.* Applying that law to the facts, we concluded that the trial court in the enhancement case did not have jurisdiction to revoke the appellant's community supervision because no motion to revoke had been filed before the supervisory period lapsed. *Id.* at 517; *see Stover v. State*, 365 S.W.2d 808, 809 (Tex. Crim. App. 1963) ("Only the [trial] court's action authorizing the arrest of the probationer, followed by diligent effort to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended.").

In *Pedraza*, the appellant was convicted of misdemeanor assault and placed on community supervision for two years. *Predraza*, 562 S.W.2d at 259. In year one, his community supervision was revoked. *Id.* He appealed and argued that the trial court's order placing him on community supervision was *void ab initio* because the maximum period of supervision for that offense was only one year. *Id.* at 260. We held that the

order placing the appellant on community supervision was void only "to the extent it purported to subject [the] appellant to probationary supervision beyond the time authorized by law" and denied relief because the State filed its motion to revoke and the offense (DWI) was committed before the expiration of the maximum one-year period of supervision. *Id.* In discussing the issue, we said that a period of supervision runs continuously until it expires and that, "[h]ad the maximum period of [community supervision] to which [the] appellant could lawfully be subjected (one year) expired prior to the violation and revocation of his [community supervision], a different situation would be presented." *Id.*

In *Prior*, the appellant pled guilty to third-degree felony delivery of more than one-quarter ounce of marijuana. *Prior*, 795 S.W.2d at 179. The trial court deferred a finding of guilt and placed the appellant on deferred-adjudication community supervision for five years. *Id.* The appellant absconded and was later arrested in New Hampshire. *Id.* at 180. After the five-year period expired, the trial court adjudicated the appellant guilty and sentenced him to five years' confinement. *Id.* at 179-80. The appellant appealed and argued that the trial court did not have jurisdiction to adjudicate him guilty because the period of deferred-adjudication supervision had expired, and the State did not use due diligence in apprehending him. *Id.* at 180. We held that a trial court has jurisdiction to revoke a defendant's deferred-adjudication community supervision after the term expires so long as the motion to revoke is filed and the capias issued before the expiration of the supervisory period, and the State used "due diligence to apprehend the probationer and to hear and determine the allegations in the motion." We denied relief because the motion to

revoke was filed and the capias issued before the period of supervision ended. We did not address the appellant's due diligence claim because he failed to preserve it.

In *Donaldson*, the applicant pled guilty to indecency with a child and was placed on community supervision for six years. *Ex parte Donaldson*, 86 S.W.3d 231, 232 (Tex. Crim. App. 2002) (per curiam). During that period of supervision, the State filed its first motion to revoke, which the trial court later dismissed upon request of the State. *Id.* Two days after the supervision period expired, the trial court issued an order purporting to reinstate the State's motion to revoke and later revoked the applicant's community supervision and sentenced him to six years' confinement. *Id.* The applicant filed a postconviction writ application and argued that the trial court had no jurisdiction to enter orders reinstating the State's motion to revoke and revoking his community supervision because the period of supervision elapsed. *Id.* We agreed and granted relief. *Id.* at 233. We reasoned that any action to revoke a defendant's community supervision that is taken after the expiration of the applicant's period of supervision is without jurisdiction unless a motion to revoke was already pending, and because no motion to revoke was pending when the applicant's supervisory period ended, the trial court's orders purporting to reinstate the State's second motion to revoke and revoking the applicant's community supervision were void. *Id.*

This case presents the "different scenario" we envisioned in *Pedraza*: Does a trial court have jurisdiction to revoke a defendant's community supervision during an unlawful period of supervision when the motion to revoke was filed and capias issued

after the lawful period of supervision expired?[9] We think that the weight of our precedent shows that the answer to that question is no.

The SPA argues that, so long as the trial court had jurisdiction to place a defendant on community supervision, it has jurisdiction to revoke the defendant's community supervision—even after the lawful period of supervision ends—until the order is set aside or the trial court grants relief under Article 11.072. We are not persuaded. A trial court must have jurisdiction for each action it takes. *Ex parte Armstrong*, 8 S.W.2d 674, 676 (Tex. Crim. App. 1928) ("Unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity."). Thus, even though the trial court had jurisdiction to place Applicant on community supervision, whether the trial court had jurisdiction to revoke his community supervision is a different question.

Having settled that, resolution of the jurisdictional issue is clear. Applicant was placed on community supervision for 10 years even though the maximum period was five years. Applicant's period of supervision expired after the five years elapsed because it was never lawfully extended, and at the time the period of supervision ended, there was no motion to revoke pending nor had a capias issued. Therefore, the trial court acted without jurisdiction when it purported to enter an order revoking Applicant's community supervision and sentencing him to five years' confinement.

---

[9] As previously noted, Applicant's community supervision could have been extended from five to 10 years, and had it been, the trial court would have retained jurisdiction to revoke Applicant's community supervision.

**REMEDY**

The last question is the proper remedy. The State requests that we not unwind the entire plea agreement because it wants to waive its right to enforce that aspect of the plea bargain. *See Cox*, 482 S.W.3d at 118 (citing *Ex parte McJunkins*, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997) ("[I]n some circumstances, the [S]tate may waive an invalid portion of the judgment and retain the remainder of the plea agreement.")). It asks that this Court only set aside the trial court's judgment revoking Applicant's community supervision and sentencing him to five years' confinement. *Id.* We will do so.

**CONCLUSION**

Having concluded that Applicant is not estopped from challenging the jurisdiction of the trial court to revoke his community supervision, that the trial court did not have jurisdiction to revoke Applicant's community supervision under the circumstances of this case, and that Applicant's period of supervision ended after the five-year term, we grant relief. The judgment in cause number F46837 in the 18th District Court in Johnson County revoking Applicant's community supervision and sentencing him to five years' confinement is vacated.

Delivered: March 29, 2023

Publish