

# In the Court of Criminal Appeals of Texas

No. WR-92,475-01

EX PARTE MATHEW DAVID LOZOYA,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. F46837-A in the 18th District Court
Johnson County

YEARY, J., filed a dissenting opinion.

The Court grants post-conviction habeas corpus relief in this case, holding that Applicant is not estopped from seeking that relief and that the convicting court lacked jurisdiction to revoke his community supervision. I would deny relief on the more basic proposition that Applicant's claim is simply not cognizable in post-conviction habeas corpus proceedings to begin with. Therefore, I respectfully dissent.

## I. BACKGROUND

Applicant pled guilty, on October 7, 2013, to two counts of obtaining a controlled substance by fraud. In exchange, he received a sentence of four years' imprisonment for Count 1, and a concurrent ten-year term of community supervision for Count 2. Approximately six years later, on November 15, 2019, Applicant pled true to violating the terms of his community supervision.[1] After the revocation proceeding, he received a five-year prison sentence for Count 2.

As part of his plea deals, Applicant waived his right to appeal both his initial conviction and, later, his subsequent revocation. In 2020, the State notified Applicant that the maximum authorized community supervision period for Count 2 was, in fact, only five years, not ten.[2]

---

[1] In the State's Motion to Revoke Community Supervision, filed May 8, 2019, at issue in this case, the listed violations include: failing to pay various costs at the time of his sentence, and failing to pay fees on or "within 30 days from October 7, 2013"; failing to pay supervision fees on or before the 10th day of each month from "April through December, 2016[,] January through December, 2017[,] January through July of 2018[,] and January through April, 2019"; his admitting to "consuming Methamphetamine on or about March 28, 2019"; and his having been "unsuccessfully discharged" from his continuum of care program at the Salvation Army on March 26, 2019. Several of the listed violations occurred within the first five years of Applicant's sentence. The State had previously filed a Motion to Revoke Community Supervision on August 13, 2018, which included several other violations that had occurred within five years of Applicant's sentence, but the State later withdrew this motion on October 26, 2018.

[2] *See* "State's Notice Under 39.14 C.C.P." at 2 ("[U]nder Art. 42A.053 § (d)(2)(B)(ii) V.A.C.C.P., the maximum period of probation for a third degree felony under Chapter 481 of the Texas Health and Safety Code Ann. is five years."). The State provided notice pursuant to its continuing duties under Article 39.14(k) of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 39.14(k). According to the State's notice:

Accordingly, Applicant filed an application for writ of habeas corpus in the county of conviction, alleging that his five-year prison sentence is void because the trial court lacked jurisdiction to revoke his community supervision in 2019, and that his revocation counsel provided ineffective assistance.[3] TEX. CODE CRIM. PROC. art. 11.07.

The Court should not even consider granting relief without first clarifying whether Applicant's first claim, which is grounded on an

> The final Motion to Revoke was filed after the defendant's five year probationary period had ended. What this means is that the trial court did not have jurisdiction to revoke the defendant's probation and the sentence of 5 years confinement in the Texas Department of Criminal Justice — Institutional Division is VOID.

*Id.* (citing *Coffey v. State*, 500 S.W.2d 515, 516 (Tex. Crim. App. 1973)).

[3] Given its holding today, the Court apparently finds it unnecessary to address Applicant's claim that his revocation counsel was ineffective. I would conclude that, even if Applicant's substantive claim were cognizable, he would be estopped from asserting it now. *See Ex parte Williams*, 65 S.W.3d 656, 660 (Tex. Crim. App. 2001) (Keller, P.J., concurring) ("By accepting the plea agreement, appellant gained a bargained-for benefit that should now estop him from challenging the trial court's authority."); *Deen v. State*, 509 S.W.3d 345, 351 (Tex. Crim. App. 2017) ("Estoppel by judgment turns on acceptance of benefits."); *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) (explaining that the principle of "estoppel by judgment" embraces those who accept the benefit of, among other things, "a judicial order," and that "[t]he only exception to this principle is for challenges to the subject-matter jurisdiction of the court rendering the judgment"). Based on that conclusion, I would also hold that, even as of the time of the revocation proceeding itself, any objection to revoking Applicant's community supervision would likewise have been estopped, and that Applicant's initial trial counsel should never have agreed to the illegally prolonged period of community supervision in the first place. In that event, Applicant's *revocation* counsel cannot be found to have been ineffective; only (perhaps) his *initial* trial counsel, for advising him (if he did) to enter into such an unlawful plea agreement in the first place. But Applicant (inexplicably) fails to challenge the effectiveness of his initial trial counsel in his writ application.

argument that the trial court lacked authority to revoke his community supervision during the imposed supervisory period (but after the expiration of the statutorily authorized period), is even cognizable under Article 11.07 of the Texas Code of Criminal Procedure.

## II. COGNIZABILITY

### A. This Issue Was Anticipated in *Pedraza v. State*

This Court has not, to my knowledge, directly addressed whether a trial court lacks jurisdiction or authority to revoke community supervision where the period of supervision imposed is longer than what is authorized by law, the revocation occurs after the authorized period expires, but the revocation also occurs *within* the actual (even if unauthorized) period that was imposed pursuant to an agreement by the parties.[4] The closest case to this one is *Pedraza v. State*, which involved a defendant who received a two-year community supervision period for a misdemeanor offense of assault, which authorized a maximum community supervision period of one-year. 562 S.W.2d 259, 259 (Tex. Crim. App. 1978). On *direct appeal*, this Court rejected the defendant's argument that the order placing him on community supervision was "void ab initio," holding instead that "the order was void only to the extent it purported to subject appellant to probationary supervision beyond the time authorized by law." *Id.* at 260. Ultimately, because the State filed its motion to revoke within the authorized one-year term, the trial court "acted within its power when it revoked [the] probation." *Id.*

---

[4] This Court's precedent makes clear the trial court would not have jurisdiction over the case if the period of community supervision ended and only *then* did the State seek to revoke it. *Ex parte Moss*, 446 S.W.3d 786, 793 (Tex. Crim. App. 2014).

The Court in *Pedraza* also stated: "Had the maximum period of probation to which appellant could lawfully be subjected (one year) expired prior to the violation and revocation of his probation, *a different situation* would be presented." *Id.* (emphasis added). That different situation is nearly identical to what happened in Applicant's case. Several of the violations alleged in the State's motion occurred within the first five years, but unlike in *Pedraza*, the State here did not file its motion to revoke Applicant's community supervision until after the statutorily *authorized* period had expired.

The parties and habeas court all seem presently to agree that because of the timing of the State's filing, the trial court lacked jurisdiction to hear the motion and to revoke Applicant's community supervision, and therefore the sentence and judgment in Count Two are entirely "void." But the cases cited in support of this outcome by the parties involve illegal *sentences*, not unauthorized periods of *community supervision*.[5] And no one has begun to offer a good explanation for why

---

[5] These cases include *Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) ("The resolution of this case depends on whether Applicant's sentence is actually illegal."), and *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) ("Applicant's sentence of twenty-five years exceeds the statutory maximum and is unlawful."). The convicting court also cites *Prior v. State*, 795 S.W.2d 179, 183 (Tex. Crim. App. 1990), *Pedraza*, and *Coffey*. *Prior* does not involve an unauthorized period of community supervision, and it primarily supports the proposition that the State must file its motion to proceed to adjudication, and the capias must be issued, prior to the expiration of the supervisory term. *Id.* at 184. *Prior*, like *Coffey*, does not directly control Applicant's case. *See Coffey*, 500 S.W.2d at 516–17 ("In order for the Court to have jurisdiction to revoke probation both a motion to revoke probation and a capias for the arrest of the appellant must be issued prior to *the termination* of the period of probation. In this case the motion had not been filed prior to that time.") (citations omitted) (emphasis added).

the issue relating to the unauthorized period of community supervision could not have been, or should not have been, raised and disposed of on direct appeal.[6]

### B. Is This Issue Even Cognizable on Habeas Corpus?

Ordinarily, post-conviction habeas corpus is not supposed to operate as a substitute for direct appeal. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). This means that, in post-conviction habeas proceedings, we will ordinarily *not* entertain record-based claims that were available to be raised on direct appeal. *Id*. That is the general rule when it comes to record-based claims.

The exception to that general rule was articulated in *Ex parte Moss*, 446 S.W.3d 786 (Tex. Crim. App. 2014). When the record shows that the trial court lacked *jurisdiction* to take a particular action, we will entertain such a claim, even if the applicant could have raised it on direct appeal. *Id*. at 789. The reason is that the trial court's

---

[6] Applicant waived his right to appeal, and presumably also his right to raise any issues that might have been capable of being raised and addressed in such an appeal. As I see it, if Applicant had raised the issue of the unauthorized length of his community supervision on habeas during the period of his community supervision, he would have had to invoke Article 11.072 (providing the "Procedure" for habeas corpus "in Community Supervision Case[s]"). TEX. CODE CRIM. PROC. art. 11.072. But Article 11.072 itself seems to preclude relief for any claims that could have been obtained by resort to a direct appeal. *See id*., at § 3(a) ("An application may not be filed under this article if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure."); *see also Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas 2005, no pet.) ("An application may not be filed under article 11.072 if the applicant could obtain the requested relief by means of an appeal. *See id*. § 3(a)."). Perhaps Applicant might have been able to square that circle by arguing that his plea counsel had been ineffective. But whether I am right about that need not be resolved here.

jurisdiction—or, more precisely, the lack thereof—invokes category one of the *Marin* rubric, involving claims of defects so antithetical to the proper functioning of the criminal justice system that we will grant relief on the basis of such a claim even when raised for the first time in a post-conviction habeas corpus application. *See id.* at 788–89 (citing *Marin v. State*, 851 S.W.3d 272, 279 (Tex. Crim. App. 1993), for the proposition that certain "requirements and prohibitions . . . are essentially independent of the litigants' wishes").

One example of such a claim is a so-called "illegal sentence" claim—a claim that the trial court imposed a sentence that was simply beyond the range of punishment legally authorized for the offense of conviction. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *see Ex parte Pue*, 552 S.W.3d 226, 239 (Tex. Crim. App. 2018) (Yeary, J., dissenting) ("I have no quarrel with the notion that an 'illegal sentence'—that is to say, a sentence that on its face falls outside the range of punishment authorized by law—should be regarded as cognizable even if complained of for the first time in post-conviction habeas proceedings."). This case, however, does not involve an illegal sentence. "[I]llegal sentences and unauthorized probation orders are two different things[,]" and this Court has already authoritatively decided that "the illegal granting of community supervision should not be governed by a rule which applies to illegal sentences." *Ex parte Williams*, 65 S.W.3d 656, 657 (Tex. Crim. App. 2001). But the Court today avoids wrestling with that holding. If anything, this case involves a claim that Applicant's period of community supervision went beyond the range authorized by statute.

As far as I know, this Court has not yet (in a published opinion, at least) granted relief based on such a claim. There is a substantial argument to be made that we would (or should) not. I believe the issue I am pointing out is at least worthy of being addressed, and that is why I would also have ordered the parties to brief the issue of cognizability of such a claim in this case.

*Moss* itself involved a claim of an illegal revocation of community supervision. But in *Moss*, the trial court assessed a period of deferred community supervision that was within the bounds of the law. Only after that supervisory period had expired did the trial court issue a capias on the State's (otherwise timely) motion to proceed to adjudication, and the Court held, on the strength of our own cases and former Article 42.12(5)(h), that the trial court lacked jurisdiction to proceed to revocation under those circumstances. 446 S.W.3d at 790–92. Here, in contrast, both the State's motion to revoke and the capias were issued within the purported period of community supervision that was assessed. Thus, the facts of *Moss*, like the facts of *Coffey*, are distinguishable from the facts of Applicant's case.[7]

It seems clear that this issue could have been raised on direct appeal from the revocation proceeding, just as the appellant did in *Pedraza*. There, the appellant had been placed on two years' community supervision even though the law supported a supervisory period of no greater than a year. 562 S.W.2d at 259–60. This Court nevertheless affirmed the trial court's judgment. *Id*. at 260. In doing so, the Court observed that the State had initiated the revocation proceeding within

---

[7] *See* note 5, *ante*.

the one-year period of time for which the appellant *could* have been placed on probation. That being the case, the Court decided that the trial court did not err to revoke the appellant's probation. The Court did observe, however: "Had the maximum period of probation to which appellant could lawfully be subjected (one year) expired prior to the violation and revocation of his probation, a different situation would be presented." *Id*. This suggests that *appellate* relief would have been granted under circumstances such as Applicant has presented here.

But that does not mean that post-conviction habeas corpus relief based on such a claim would also be appropriate. In fact, the rationale of *Pedraza* suggests otherwise. The reason we rejected Pedraza's claim was that the trial court's assessment of an unauthorized length of supervision did not operate to render the entire supervisory period invalid, as the appellant claimed. *Id*. Instead, the Court held that "the order was void *only to the extent* it purported to subject appellant to probationary supervision beyond the time authorized by law." *Id* (emphasis added). This amounts to a holding that the trial court was not entirely deprived of *jurisdiction* either to impose or to revoke supervision in the case just because it imposed a supervisory period that exceeded its statutory *authority* to grant.

Perhaps it may be argued that the claim that the trial court exceeded its statutory *authority* (because the motion to revoke came only after the expiration of the period for which he could legally have been subjected to supervision) constitutes a category one *Marin* claim. I do

not know how the Court would resolve this argument.[8] But I do not think that it rises to that magnitude of claim. In my view, Applicant should be expected to have preserved the claim by objection in the trial court and, even if not timely preserved there, at least to have raised it on direct appeal from the revocation proceeding. To proceed as the Court does today is to disregard this Court's decision in *Ex parte Williams*, 65 S.W.3d at 657. I would not do that.

Instead, I would conclude that Applicant's claim is simply not cognizable in post-conviction habeas corpus proceedings.

### III. CONCLUSION

With these observations, I respectfully dissent.

**FILED:**                                   March 29, 2023
**PUBLISH**

---

[8] *See Davis v. State*, 956 S.W.2d 555, 558 (Tex. Crim. App. 1997) ("[A] judge's lack of power or authority to act over a case has not always been held to be a question of jurisdiction, or more precisely, has not always resulted in a holding that the conviction was void and subject to collateral attack.").